## BROWN ET AL. *v.* BROWN.

WILL.—*Construction of.*—*Partition.*—A testator, having four children, all minors, by his will provided that the widow should have the management of his real estate until the oldest son should arrive at twenty-one years of age, and use the proceeds for the support of the family and to keep the property in order, and provided that the surplus might be put at interest for the use of the widow and children; and when the oldest son should arrive at the age of twenty-one years, his share of the real estate should be set off to him; and that the other heirs, as they should respectively become of full age, should have their respective shares set off to them. After becoming of age, and while the other children were minors, the oldest son brought an action for partition, making the will a part of his complaint, and asked for entire par-

tition among all the heirs; and the widow for herself, and as guardian of the minor heirs, answered, asking that full partition be made.

*Held,* that the widow was entitled to have one-third of the real estate set off to her, and the oldest son one-fourth of the residue set off to him, and that the minor heirs were not entitled to have partition.

PRACTICE.—*Exception to Finding.*—Where there is no special finding by the court according to section 341 of the code (2 G. & H. 207), a mere exception to the finding of the court, noted by the clerk, does not put a question upon the record to be reviewed by the Supreme Court.

From the Floyd Circuit Court.

*M. C. Kerr* and *W. J. Hisey,* for appellants.

*D. W. LaFollette,* for appellee.

DOWNEY, C. J.—The appellee filed his petition for the partition of certain real estate against John H. Brown, James A. Brown, Charles Brown, and Catharine Brown, guardian, etc. It is alleged that John Brown, now deceased, was the owner in fee simple of the real estate ; that he was the father of the petitioner and of all the defendants, except said Catharine, who was his widow and is their duly appointed guardian, and that she is now the wife of one Hiram Hopper. It is further stated that said John Brown died testate, in 1858, and devised his estate, real and personal, to his said widow and children as set forth in his will, a copy of which is filed with the complaint; that the petitioner is now of the age of twenty-one years ; that John H. Brown is of the age of nineteen years, James A. is of the age of seventeen years, and Charles is of the age of fifteen years ; that it will promote the interest of all the co-owners to have full, complete,. and final partition of said real estate now made amongst the persons entitled thereto, to wit: One-third part thereof in value to said Catharine Hopper, one-fourth of the remaining two-thirds thereof in value to each of the other parties hereto. Partition accordingly is asked. Two clauses of the will are brought in question ; the second, which is as follows : " I will that my wife, Katharine Brown, shall have the management of my real estate until my son William Brown arrives at twenty-one years of age, and that she may

use the proceeds of the farm whereon we now reside, or so much thereof as may be necessary for the support of the family and to keep the property in order; the overplus, if any, may be put out at interest for the benefit of my wife and children;" and the seventh, which reads as follows: " When my son William Brown shall arrive at twenty-one years of age, that he shall be entitled to have his share of my personal estate set apart to him, together with his part of the real estate; also, that the other heirs, as they arrive at twenty-one years of age, to have theirs respectively set apart to them."

Catharine Hopper, for herself and as guardian of the other defendants, answered, admitting the facts as stated in the petition and uniting in the request for full and final partition.

The court upon the hearing found that Catharine Hopper was the owner in fee simple of an undivided third part of the real estate; that William Brown, having attained to the age of twenty-one years, is entitled to one-fourth of the remaining two-thirds of said real estate in fee simple; and that the defendants John H. Brown, James A. Brown, and Charles Brown, had not yet attained to the age of twenty-one years respectively, and were not therefore yet entitled, under said will, to any of the said real estate. The court further found that said Catharine and William were entitled to have partition, so that their shares' should be set off to them respectively, and that the said John H., James A., and Charles were not entitled to partition. To this they excepted. A motion for a new trial was made by said last named defendants, which was overruled, to which they again excepted. From that part of the judgment of the court denying them partition, the said John H., James A., and Charles Brown appealed to this court.

The errors assigned are the following: 1. That the circuit court improperly refused partition to said appellants. 2. That the finding of the court was not sustained by sufficient evidence. 3. That the finding was contrary to law. 4. The refusal to grant a new trial.

There is no special finding by the court according to section 341 of the code, 2 G. & H. 207. So that a mere exception to the finding could not put a question upon the record to be brought to this court. The finding is not made at the request of a party, is not signed by the judge, nor is it set out in any bill of exceptions. The mere exception to the finding of the court noted by the clerk does not, under the first assignment of error, present any question. The other assignments are all embodied under the fourth, the refusal to grant a new trial. The grounds of the motion were, that the finding of the court was not sustained by the evidence and was contrary to law. The question is, whether the court upon the pleadings, for it does not appear that any evidence was offered, should have awarded partition in favor of the infant devisees, as well as in favor of the widow and the adult son. If we were to take the second clause of the will alone into consideration, it would seem to be the intention of the testator that the real estate should remain undivided and subject to the control of his widow, with the right in her to use the proceeds for the support of the family, etc., only until William should arrive at the age of twenty-one years. But taking this clause in connection with the seventh, it seems pretty evident that the intention was, that only William's share should then be set off, and the other shares as the owners thereof arrived at the age of majority. In the seventh clause it is said, when William shall arrive at twenty-one years of age he shall be entitled to have his share of the personal estate set apart to him, together with his part of the real estate; also, that the other heirs, as they arrive at twenty-one years of age, are to have theirs respectively set apart to them. This language seems almost too plain to admit of any doubt. Assuming, then, that the question must be governed by the construction to be put upon the will, we must hold that the ruling of the circuit court was correct. It is expressly provided by statute, that the court shall not order or affirm partition of any real estate contrary to the

intention of a testator expressed in his will.   2 G. & H. 363, sec. 10.

The judgment is affirmed, with costs.