# Wheeling.

## WALLACE'S EX'RS *v.* WALLACE *et al.*

Decided November 22, 1879.

<span>1879<br>Special Term.</span> A testator by his will divided his personal estate into sixths; two-sixths he bequeathed to his two sons by a former wife, subject to a specific charge of $5,000.00; the residue, or four-sixths, to his wife and his eight children by her, to go to them according to the law for distributing intestate estates. The widow renounced the will.   HELD:

1. The widow was entitled to one-third of the personal estate absolutely.

2. That the residue must be divided into seven equal parts, of which the two oldest sons take three-sevenths, subject to charge of $5,000.00, and the eight younger children take four-sevenths.

Appeal from a decree of the circuit court of the county of Ohio, rendered on the 29th day of August, 1879, in a cause in said court then pending, wherein Spaulding K. Wallace and William H. Wallace, executors of the last will of Henry Wallace, deceased, were plaintiffs and Frank M. Wallace and others were defendants, allowed upon the petition of said plaintiffs.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

MOORE, JUDGE, furnishes the following statement of the case:

Spaulding K. Wallace and William H. Wallace, as executors of the last will of Henry Wallace, deceased, filed their bill in chancery in the circuit court of Ohio county, against Frank M. Wallace, James Y. Wallace, Clementine V. Wallace, Hannah Wallace, Henry D. Wallace, Clara Wallace, Horace M. Wallace, children of said Henry Wallace deceased, and Nancy M. Wallace his widow, and exhibited therewith and as a part thereof the will of said Henry Wallace, deceased, which is in figures and words as follows, to-wit:

"On the eve of leaving home for Philadelphia, and the possibility of not surviving the trip, I make this my last will, that is to say, my property shall be divided into sixths, one-sixth to be given to my son William H., of Steubenville, O., one-sixth to be given to my son Spaulding K., of Wheeling, with this proviso, viz: that my said sons, Spaulding K., and William H., shall at once pay to my sister-in-law, Miss Clementine Bigham, $2,500.00, each, or $5,000.00 in all, the balance to be for the benefit of my wife and the children born to me by her, to be distributed in accordance with law made and provided for intestates. I will further that my wife and sons, William H., and Spaulding K., may execute this will without security of bonds."

"*Wheeling June* 3, 1872, "HENRY WALLACE."
"I wish that the $5,000.00 to be given to Miss Clementine Bigham shall be in U. S. 5–20 *coupon* bonds of 1868, to be given at their face value, without interest."

"HENRY WALLACE."
"*Wheeling West Virginia, June* 3, 1872."

The bill alleged that the widow declined to qualify as executrix, and that she also "renounced the will" and elected to take her dower in the said estate. It further alleged that complainants "immediately in accordance with the said will, paid out of the shares coming to them

1879
Special Term.

Wallace's Ex'rs
v.
Wallace *et al.*

the sum of $5,000.00 to Miss Clementine Bigham, in U. S. *coupon* bonds of 1868, having *coupons*, and at their face value without premium, according to the requirements of the said will," but that since the widow has renounced the will a question has arisen, viz: what portion of the estate under the said will should come to the complainants and be distributed to them, "they admitting that the full one-third of the personalty, after the payment of debts and costs of administration, which are inconsiderable, shall be paid to the said widow, and that she shall have the one-third of the realty for life." Complainants claim in their said bill, one-sixth each of the whole estate after the debts are paid, and allege, that their half brothers and sisters, on the *contra*, claim that complainants are only entitled to one-sixth of the estate "after the said dower shall be paid and set-off to the said widow." Therefore they prayed, that the court by its decree would instruct them as to what portion of the estate they should pay to the said children born to the testator from the said Nancy M. Wallace, and what portion to retain for themselves, "and give the legal and proper construction to the said will so that they can distribute a large personal estate as soon as possible, which consists of money in the Exchange Bank of Wheeling, and iron mill stock, the money in the bank drawing interest at the rate of six per cent per annum;" and for general relief.

The infant defendants answered the bill by their guardian *ad litem* W. P. Hubbard, in the usual form, and Frank M., James Y., and Clementine V. Wallace answered, admitting "the allegations of fact in the second bill contained to be true, except as to the payment to Miss Clementine Bigham, of which," they claim, they "have no knowledge." They claim, that under the law, said executors, after paying to said widow the amount admitted by the bill to belong to her, should distribute the residue of the personal estate as follows : "One-sixth of said residue to each of them, the said Spaulding and William, and the remaining four-sixths of said resi-

1879
Special Term.
Wallace's Ex'rs
v.
Wallace et al.

due to the other children of the said Henry Wallace, deceased, share and share alike." Said defendants further allege in their answer, that said Henry Wallace, during his lifetime, and after the making of his said will, advanced to each of his said sons, Spaulding and "William, large sums of money and large amounts of other personal property, the exact amount and value of which these defendants do not know, all the books and papers of said decedent being in the possession of said Spaulding and William, as executors, but these defendants know and aver that the amount and value of the said advancements to each of them, said Spaulding and William, exceed the sum of $37,500.00, and these defendants insist that said money and property shall be accounted for as advancements, and shall be by the said Spaulding and William respectively brought into hotchpot in the distribution of the estate of said Henry Wallace, deceased. And these defendants pray that an account of the sums so advanced may be taken, and that the court would by its decree require said Spaulding and William to bring into hotchpot in the distribution of said estate the amounts and values of money and property advanced to them respectively as aforesaid."

The plaintiffs excepted to so much of the answer as sought to bring into this suit money claimed to have been advanced to the plaintiffs, or either of them, by the testator, for the cause, that this is not a suit for the settlement of the estate of Henry Wallace, but only to get a *construction* of the will of said Henry Wallace, and not for the distribution of said estate.

On the 29th day of August, 1878, the circuit court made a decree, by which it sustained the exceptions made to the matter set out in the answer in respect to the advancements claimed to have been made by the said testator to the complainants, or either of them. The decree further proceeds as follows: "This cause having been argued by counsel and submitted at a former day, the court being of opinion that the said Nancy M. Wal-

lace, having renounced the will of said Henry Wallace, has paramount claim to her distributive share of the estate of the said Henry Wallace, deceased, and that after her share is set off to her the complainants are each entitled to one-sixth of the residue, and that the other children of the said Henry Wallace are entitled share and share alike to the remainder of the estate, doth order, decree and adjudge, that of the money and personal property of the estate of said Henry Wallace, deceased, for distribution, the said complainants, as executors of the will of said Henry Wallace, deceased, do pay and distribute one-third to the said Nancy M. Wallace, and do pay and distribute to the said Spaulding K. Wallace and William H. Wallace each one-sixth of the remaining two-thirds, and do pay and distribute to the said Frank M. Wallace, James Y. Wallace, Clementine V. Wallace, Hannah Wallace, Henry D. Wallace, Ella Wallace, Clara Wallace and Horace M. Wallace, or to the legally appointed guardian of any one of them who may be under twenty-one years of age, each one-eighth of the residue. It is further ordered, adjudged and decreed, that the complainants pay to the defendants their costs in this suit, which, together with the complainants' costs herein, shall be paid out of the assets of the said estate. But this decree is without prejudice to any right which the said defendants, or any of them, may have to compel the said Spaulding and William to account for advancements which may have been made to them by their father, Henry Wallace, deceased, without prejudice to any suit or proceeding which the said defendants, or any of them, may be advised to institute for the purpose of charging said Spaulding and William, or either of them, with such advancements."

From this decree the complainants obtained an appeal to this Court, and assign for error : " That the said construction so given to the said will was erroneous in this : That decree should have found, and should have so provided, that the plaintiffs, and each of them, should have

the full one-sixth part of said estate upon the conditions imposed upon them, notwithstanding the renunciation of the will by the widow, and that her renunciation did not, in this case, affect the share of the estate justly belonging to them."

*Daniel Peck,* for appellants, cited the following authorities :

1 Bradf. Sur. Rep. 208; 12 Gratt. 205; 29 Gratt. 9; 10 Paige 140, 152; 58 Pa. 393; 3 Pa.382; 2 Lom. Ex'rs 348, 349; Code, ch. 78; §11; 6 Gratt. 405.

*W. P. Hubbard,* for appellees, cited the following authorities :

2 Lom. Ex'rs 346; *Id.* 348; Code, ch. 78, §§9, 11; 11 Gratt. 439; 3 Redf. Wills 389; 58 Pa. 393; 6 Leigh 471; *Id.* 477; *Id.* 474; 1 Swanston 393; 2 Redf. Wills 132; *Id.* 65; Redf. Wills 260; *Id.* 492-499; Code, ch. 125, §§35, 57; Mitf. Eq. Pl. (9th London ed.) 81; 3 Dan. Ch. Pr. 1743; 1 Story Eq. Jus. §544; 3 Redf. Wills 201, 202; *Id.* 306; 5 Paige 318, 323; 28 Gratt. 80, 86.

MOORE, JUDGE, delivered the opinion of the Court:

The testator by his will desired his property to be divided into six equal parts, or as the will says, "*into sixths.*" One-sixth to be given to his son William H., one-sixth to his son Spaulding K., with the *proviso* that each of them pay to Miss Bigham $2,500.00 each, or $5,000.00 in all; the balance " to be distributed in accordance with law made and provided for intestate estates," for the benefit of his wife and the children born to him by her. The children born to him by her, the record shows to be eight. The plaintiffs, William H. and Spaulding K., were his sons from a former wife. To the widow and eight children the balance, or *four sixths,* was given to be distributed between them according to the statute for the distribution of an intestate's estate, or personal property, (the realty not

being taken into consideration in this suit.) Therefore under the will the widow would be entitled to *one-third* of *four-sixths*, and her eight children to the balance, or *two-thirds* of *four-sixths*. In other words, to make it more clear, as the proposition is the same, the will may be construed as if it directed the personal estate to be divided into *ninths*, of which to the plaintiffs the will gives *three-ninths*, subject to a specific charge, and to the widow and the eight younger children *six-ninths* to be divided amongst them, of which the widow would receive *one-third*, that is *two-ninths* and her eight children the balance, that is *four-ninths*. But the widow having renounced the provisions of the will, as she had the legal right to do, and claimed what the law gives her, that is *one-third*, or what is the same, *three-ninths* of the whole personal estate, the plaintiffs have filed this bill, presenting the question, as to how the balance of the personal estate should be divided among the other legatees, viz : the plaintiffs and the said eight children ? As the bequests to the plaintiffs and the eight children were precisely of the same character, viz : *general* bequests, the plaintiffs *three-ninths* of the personal estate and the other children *four-ninths*, it is obvious that the distribution of the balance of the personal estate, after the widow has been assigned her share, must be made so that the share of the plaintiffs and of the younger children should be in the same proportion that by the will they were to take the personal estate. But by the *will* the plaintiffs got *three* parts, whilst the eight children got *four* parts. The residue, therefore, after taking out the widow's share, is to be so divided as that the plaintiffs shall get *three* parts thereof, and the eight children get *four* parts. That is obviously effected by dividing the portion of the estate to be distributed among the children into seven equal parts, and assigning three of these parts to the two oldest children, the plaintiffs, and four of them to the eight children. By this division the loss to all the children, arising from the widow renouncing the will, would be

borne by them all in the exact proportion to the amount given each of them by the will.

To illustrate this, let us suppose that the entire personal estate of Henry Wallace amounted to.....................................$63,000.00
By the will plaintiffs get three-ninths, or one-third,
   subject to a charge to Miss Bigham, that is .....$21,000.00
The eight children get four-ninths, or...................  28,000.00
The widow gets two-ninths, or...........................  14,000.00

Total estate...................................................    $63,000.00

But by the renunciation of the will, the widow instead of getting $14,000.00, (which would be under the will two-ninths of the whole, or one-third of the balance left her and her children, under the hypothesis that $63.000.00 was the amount of the personalty,) would get one-third of the whole personalty, or $21,000.00 of the hypothetical $63,000.00, leaving for distribution $42,000.00, of which the plaintiffs would get *three-sevenths*, or $18,000.00, and the eight children would get *four-sevenths,* or $24,000.00. Therefore, following up the hypothetical figures, it is apparent that the plaintiffs would have received under the will, $21,000.00, but in consequence of the renuncia-tion, they now get but $18,000.00; they thus lose $3,000.00. The eight children would have received un-der the will $28,000.00, but by the renunciation they get but $24,000.00; they thus lose, therefore, $4,000.00. The whole loss thrown on all the children was the dif-ference between what the widow would have received under the will $14,000.00, and what she takes by its re-nunciation, $21,000.00, that is to say, $7,000.00, of which the plaintiffs sustain the loss of $3,000.00, and the eight children a loss of $4,000.00. And this is as it should be, as the plaintiffs under the will were to get $21,000.00, and the eight children $28,000.00, and these sums are in exact proportion to the loss they respectively sustain, that is as $3,000.00 is to $4,000.00. Therefore, if the personal estate amounted to $63,000.00, it would be dis-tributed thus :

To the widow, *one-third*................................................. $21,000 00
To the plaintiffs each $9,000.00.................................... 18,000 00
To the eight children each $3,000.00............................. 24,000 00

Total persnoal estate............................................. $63,000 00

1879
Special Term.
─────────
Wallace's Ex'rs
v.
Wallace *et al.*

This is to say, that the entire personal estate should be divided into *sixty-three* equal parts, and of these parts, the widow must be given *twenty-one* parts, the two plaintiffs each nine parts, making *eighteen* parts, and to each of the *eight* children, *three* parts, making *twenty-four parts.* Or, what amounts to the same thing; the estate may be divided into *twenty-one* parts, of which *seven* should go to the widow, *one part* to each of the eight children, and *three* parts to each of the two plaintiffs. In making the distribution, the amount which may have been paid to Miss Clementine Bigham, is to be considered as a part of the estate for distribution, and is to be taken out of the shares of the plaintiffs on which it was expressly made a charge by the *will.*

We are called upon in this case only to consider the personal estate, as the mode of the division of the real estate is not involved in this suit; therefore no opinion is expressed herein as to the realty. It is to be understood that the specific legacy to Miss Clementine Bigham of $5,000.00, cannot be made to bear any portion of the loss produced by the widow's renunciation, and the *will* having made it a charge on the shares of the two eldest children, the plaintiffs, it must be paid out of their shares; no part of it can be taken from the shares of the eight children. The circuit court was clearly right in declining in this suit to consider the question, made by the answer, of advancements made to the plaintiffs, and leaving it to be set up in another suit, if the defendants deem proper to bring such suit, because the question of advancement is entirely foreign to the objects sought by plaintiffs' bill in this suit.

The decree of the circuit court must be reversed and annulled, and as the costs of this suit, both in this Court and in the circuit court, ought to be borne equally by all the parties interested in the estate, in proportion to the respective shares, or interest, which will be effected by directing the executors to pay the same out of the estate, therefore the said executors should pay said costs of both

courts out of the assets of their testator in their hands to be expended, and a decree should be entered in this Court in accordance with the above opinion.

1879
Special Term.

Wallace's Ex'rs
v.
Wallace *etal.*

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.