No. 9639.

KEPLEY ET AL. *v.* OVERTON ET AL.

PARTITION.—*Will.*—*Testator.*—Real estate devised can not be partitioned contrary to the intention of a testator, expressed in his will.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellants.

*A. B. Collins,* for appellees.

WOODS, J.—The appellants made petition for the partition of real estate, claiming as devisees under the last will of Jane Overton. The petition shows that, in reference to the lands of which partition is sought, the will contains the following clause, namely: "I want the lands all kept together until the youngest child becomes of age, and then

the lands or proceeds thereof to be equally divided among the above named heirs." It is further alleged in the petition, that all the devisees are of age, except three, who are aged respectively thirteen, fifteen and eighteen years; that, before the youngest will become of age, the lands will greatly depreciate in value; that all the improvements thereon are going to decay, etc.

The court below held that a partition would be contrary to the expressed intention of the testatrix, and therefore could not be had. In this the court was right. The 10th section of the act concerning the partition of lands expressly declares that the "court shall not order or affirm partition of any real estate contrary to the intention of a testator, expressed in his will."

It is not a question, as counsel for the appellants seem to think, whether the devisees have, under the will, vested interests which they may alienate. Granted that their interests are vested, and may be sold and conveyed in their undivided condition, still they can not have partition thereof.

Judgment affirmed, with costs.