In re Miner.

In the matter of the sale of lands of JOHN LANSING MINER, an infant.

[Filed October 15th, 1903.]

1. The share of an afterborn child, provided for by *Gen. Stat. p. 3760 ¶ 19*, so far as the ascertainment thereof is concerned, is subject to the widow's dower in real estate and to her share as distributee of the personal estate.

2. The allowance for such dower deducted from the share of the afterborn child directed to be held by the executors under the will, and in the same proportion as they were entitled to the remainder of the purchase-money.

On application of special guardian of infant for distribution of proceeds of sale of infant's lands.

*Mr. James E. Howell,* for the petitioner.

*Mr. Robert H. McCarter,* for the infant.

EMERY, V. C.

Henry C. Miner, domiciled in New York, by his will, dated March 29th, 1897, after specific bequests of personal property to his four sons and also to his wife, devised the residue of his estate, real and personal, and wherever situate, to his executors in trust (among other things), to manage his real estate, collect the rents, &c., and to divide four-fifths of the net income between his four sons, and to pay annually the remaining one-fifth to his wife during the trust. The trust was to terminate on the arrival of his son George at the age of thirty-two, or his death under that age; and on such termination the executors were directed to divide the residuary estate with accumulations of interest or income into five equal parts, one of which was devised and bequeathed absolutely to testator's wife. To each of his four sons was also given one-fifth of the residue, with limitations over in case of the death of either. These

·provisions for the wife from the income and principal fund of the residuary estate were declared by the will to ·be in lieu of dower.   The wife and four sons were appointed executors and trustees, and were authorized to sell any of testator's real estate. By a codicil, ·dated ·November 22d, 1899, the testator devised to his wife, in fee, his residence in New York City, free from encumbrances.   This· devise was not expressed to be· in lieu of dower.   At the time of the execution of the will and codicil testator had four children—the sons especially named in the will and codicil.   On January 10th, 1900, another son—John Lansing Miner—was born.   Testator died on February 22d, 1900, seized of real estate in New Jersey, as well as New York. The son John Lansing was neither provided for nor disinherited in the. will or codicil.   Under the statute of wills (*Gen. Stat. p. 3760 ¶ 19*) it is provided that the afterborn child in· such case

"shall succeed to the same portion of the father's estate· as such child * ·:· * would have been entitled to if the father had died intestate, towards raising which portion the devisees and legatees, or their representatives, shall contribute· proportionately out of the .part devised and bequeathed to them by the same will and testament." ·

,   On. the application of the infant's general guardian,· his interest in a tract of land in Newark has ·been sold, in connection with a sale by the executors under the will.   Of· the whole purchase-price ($20,000), one-fifth has been paid into court, and the question now is whether, under the statute, the infant is entitled to the whole amount paid in, or whether this amount must be decreased by the value of the widow's estate in dower. The widow, by documents duly executed and filed in New York, elected to accept the provisions of the will in lieu of· her dower, and the sale in this case· is free of the widow's dower, but reserving her rights, if any, in the proceeds paid into court.

Two questions arise in applying the statute—*first*, is the infant's interest·in the proceeds of its sale to be ascertained without making any allowance for the value of the widow's dower? *second,* if such allowance is made, to whose benefit does it enure —that of the widow, or of all the devisees proportionately? Upon the first question the language of the statute creating the

estate or interest in favor of the afterborn child is in its very terms a limitation of the extent or amount of the interest, and this interest thus fixed by the words of the statute cannot be made larger by construction or implication. This interest is "the same portion he would have been entitled to if the father had died intestate." For the purpose of ascertaining this portion to which the afterborn child is entitled the will, with all its provisions, whether relating to dower or any other interest in the lands, is to be taken as non-existent and ineffective, and testator is, for the purpose of this ascertainment, to be taken as having made no will, which could change either for or against the afterborn child, the extent or character of his interest in the real estate which would have descended to him had there been no will, or his distributive share in the personalty. The share must, therefore, so far as the ascertainment is concerned, be subject to the widow's right of dower in real estate, and her share as distributee of the personal estate. This method of ascertainment of the value was adopted in *Lutjen* v. *Lutjen, 18 Dick. Ch. Rep. 391, 396* (*Vice-Chancellor Pitney, 1902*). The same rule as to ascertainment is adopted by courts in other states having similar statutes. *Mitchell* v. *Blain, 5 Paige 588, 589* (*Chancellor Walworth, 1836*) ; *Ward* v. *Ward, 120 Ill. 111, 120* (*1887*). The value of the widow's dower interest in the lands has been reported by the master to be $3,726, but I will hear counsel further on this point and direct special inquiry if necessary.

*Second.* This sum deducted from the proceeds of sale, to represent the widow's dower, must be held by the executors for the benefit of all the devisees of the land under the will, and in the same proportion as they were entitled to the balance of the purchase-money. The present deduction from the proceeds of sale is made solely because it was necessary in order to ascertain the statutory "portion" of the estate to which the afterborn child was entitled, and the existence of the widow's dower or its value in the lands, cast on the infant by the statute, is not to be assumed for the purpose of giving such estate to the widow, as if the testator had died intestate, if she be not other-

wise entitled to dower. Such use of her supposed estate would extend the statute beyond its terms and intentions, and, if allowed, would, in this case, and probably in most cases, revoke the will of the testator, beyond the revocation, *pro tanto,* which occurs in order to carry out the statute. All the devisees of the land sold, including the widow, must share proportionately in the loss resulting from the deduction of the portion of the proceeds of sale payable to infant, and in the balance of the proceeds of sale they share precisely as if this balance were the whole proceeds of sale, and there were no other directions as to its division than the terms of the will, under which alone they all claim. If the lands had not been sold, the estate in dower, to which the estate of the infant is subject, would probably be considered as a legal estate held by her, under this statute, solely to effect the purposes of this statute and as a legal title necessarily held by the widow under the statute for the equitable proportionate benefit of the devisee under the will (including herself), whose estates under the will have been diminished solely for the benefit of the afterborn infant.