JONES ET AL. v. JONES ET AL.

[No. 12,229. Filed October 8, 1925. Rehearing denied January 6, 1926. Transfer denied February 16, 1926.]

1. WILLS.—*Election by husband to take under the law instead of under his wife's will does not render it inoperative, but it must be executed as nearly as possible in accordance with testatrix' intention.*—A husband's rejection of the provision for him in his wife's will does not render the will inoperative, but it must be executed as nearly as possible in accordance with the testatrix' intention, with such diminution only of the remaining part of the estate or respective bequests as the exercise of the paramount right of election by the surviving spouse may occasion. p. 181.

2. WILLS.—*Provision in wife's will giving to husband and son right to occupy "the residence property," held to include all of tract in case stated.*—Provision in a wife's will giving to her husband and son the right to occupy during their respective lives "the residence property" of the testatrix *held* to include all of such tract when the entire tract consisted of only ten acres. p. 182.

3. WILLS.—*Election by husband to take under law instead of provision in wife's will giving him and his son right to occupy the "residence property" for life would not deprive son of right*

Jones *v.* Jones—84 Ind. App. 176.

*to occupy two-thirds thereof including the residence.*—Rejection by husband of provision in wife's will giving him and his son right to occupy for life the "residence property" of testatrix and election to take under the law would not deprive the son of the right to occupy two-thirds thereof, including the dwelling house thereon. p. 182.

4. PARTITION.—*Partition not allowed in specific case because contrary to intention of testator.*—Under the provision of §1265 Burns 1926, §1247 Burns 1914, partition cannot be made contrary to a testator's intention, and where one devisee was given the right to occupy certain devised property during his lifetime, partition should not be ordered between the owners of the fee. p. 182.

5. PARTITION.—*Appeal from order of sale of land in partition may be taken when title of cotenants has been put in issue and adjudicated.*—An appeal cannot be taken from an interlocutory order of partition, but where the title of each of the cotenants is directly put in issue and adjudicated, an order for the sale of the property as indivisible constitutes a final judgment, and, after a motion for a new trial has been ruled upon, an appeal will lie. p. 183.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Action in partition by Ernest E. Jones and others against Lawrence H. Jones and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.* By the court in banc.

*George W. Galvin,* for appellants.
*Lew Wallace,* for appellees.

NICHOLS, J.—Action by appellees against appellants to partition certain lands in Marion county, owned by decedent Mary M. Jones and devised by her will.

The complaint is in the usual form of complaints for partition, under the averments of which, appellee Ernest E. Jones claims to be the owner of the undivided one-half of the real estate involved in fee simple, and demands the sale of the same by a commissioner, and the distribution of the proceeds of sale.

Appellants each answered by a denial, and by a sec-

ond paragraph of answer setting up the will of the said Mary M. Jones, deceased, which, so far as here involved, hereinafter appears in the substance of the special finding of facts, and claiming that thereunder appellees nor either of them have any interest in said real estate that would entitle them to partition, and that the only interest that appellee Ernest E. Jones has in said real estate is an interest jointly with appellant Helen M. Jones as remainderman after the death of appellant Lawrence H. Jones.

Appellees replied to said second paragraph of answer by denial, and by second paragraph setting up an election by John M. Jones, the husband of said testatrix, to take under the law, and claiming that by the direct and natural effect of such election, the provisions of the will hereinafter appearing for the occupancy of the residence property by the husband John M. Jones and appellant Lawrence H. Jones was rendered nugatory and of no effect, and that said residence property, which is included in the real estate described in the complaint, ceased to belong to appellee Ernest E. Jones and appellant Helen M. Jones, under the terms of the will, and that said husband became, until his death, the owner of the undivided one-third of said real estate under the law of descent, one-half of which undivided interest, upon the death of said husband intestate, by the law of descent became the property of appellee Ernest E. Jones, and the other half the property of one or the other of appellants as the court might determine, and that, as to the undivided two-thirds of said real estate, one-half thereof, upon such election, became the property of appellee Ernest E. Jones, and the other one-half the property of one or the other of appellants as the court might determine. In other words, as we interpret the reply, the will was entirely abrogated by the election of the husband to take under the law.

A demurrer by each of appellants to this reply was overruled. On the issues formed, and after hearing the evidence, the court specially found the following facts and stated its conclusions of law:

On August 4, 1917, Mary M. Jones was the owner in fee simple of the real estate involved.

On said day, while owning said real estate in fee simple, said Mary M. Jones died testate, leaving her surviving John M. Jones, her husband, Lawrence H. Jones, her son, Helen M. Jones, the daughter of said Lawrence H., and Ernest E. Jones, her grandson, who is the son of her deceased son, and no other child, grandchild or descendant.

On July 27, 1917, said Mary M. Jones executed her last will and testament, which was, on January 29, 1919, duly probated by order of the probate court of Marion county in the State of Indiana, and which last will and testament, so far as here involved, is as follows:

"Item I. I hereby give, bequeath and devise all of my estate, both real and personal, in fee simple and in shares hereinafter mentioned, unto my two grandchildren, namely: Helen M. Jones, daughter of my son, Lawrence Jones, and Ernest E. Jones, who is also my adopted son and the son of my deceased son, John H. Jones; but subject to the right of occupancy hereinafter given to my husband and my said son Lawrence, during their respective lives, in the dwelling house.

"Item II. Said Helen M. Jones shall have one-half and said Ernest E. Jones one-half of said estate, both real and personal. * * *

"Item III. I give to my husband, John M. Jones, and to my son, Lawrence Jones, the right during their respective lives to occupy the residence property in Perry township, Indiana, as a dwelling house so long as said residence property shall belong to my said grandchildren or either of them or their heirs; it being my intention that this right of occupancy shall be a charge on the interests in such land herein devised and bequeathed unto my said two grandchildren."

Said will and testament was duly recorded in the office of the clerk of said probate court of Marion county, and on March 12, 1919, said John M. Jones executed and acknowledged his written instrument of election in due form to take by law, which was duly recorded.

Said John M. Jones made no sale, conveyance or other disposition of his interest in the real estate aforesaid or any part thereof and died the owner thereof intestate on March 29, 1923, leaving him surviving his son Lawrence H. Jones and his grandson Ernest E. Jones, and no widow or other child or descendant.

He continued to dwell in said residence property until about six months before his death; and said Lawrence H. Jones, with his wife and his daughter have resided in said residence property from the time of the death of said Mary M. Jones until the present time.

The above named Ernest E. Jones, Lawrence H. Jones and Helen M. Jones are the persons named as parties herein, and Berndette Jones is the wife of said Ernest E. Jones, and Hulda Jones is the wife of said Lawrence H. Jones, and each of the parties is more than twenty-one years of age.

The estate of Mary M. Jones and the estate of John M. Jones have been administered and settled, and the real estate above described is the only property remaining of the estate of Mary M. Jones.

Upon the foregoing facts, the court stated the following conclusions of law:

Appellee Ernest E. Jones is the owner in fee simple of the undivided one-half of said described real estate.

Appellant Lawrence H. Jones is the owner of the undivided one-sixth in fee simple of said described real estate and has no other right, title or interest therein.

Appellant Helen M. Jones is the owner in fee simple of the undivided one-third of the said described real estate and has no other or different interest therein.

Appellee Ernest E. Jones is entitled to have partition at this time of said described real estate and to have set off to him to hold in severalty the undivided one-half of said land, and in case the land cannot be divided without damage to the interests therein, he is entitled at this time to have the same sold and his one-half interest paid to him in cash.

On these conclusions, the court rendered judgment for partition, from which, after appellants' motion for a new trial was overruled, this appeal. The errors assigned that we need to consider are that the court erred in overruling each of the demurrers to the respective replies of appellants, error in each of the conclusions of law, and in overruling appellants' respective motions for a new trial.

It is apparent that the court in stating its conclusions of law adopted the theory of the second paragraph of reply to which appellants' respective demurrers were overruled. In this, we hold that the court erred. Where, as here, there is a renunciation of a will by one spouse, it does not necessarily render it inoperative, but, among the other beneficiaries, it must be executed as nearly as possible in accordance with the testator's intention with such diminution only of the remaining part of the estate, or respective devises, as the exercise of the paramount right by the surviving spouse may occasion. *Gamble, Exr.,* v. *Rooney* (1922), 192 Ind. 454; *Garison* v. *Day* (1905), 36 Ind. App. 543, 76 N. E. 188; *Pitman* v. *Pitman* (1910), 81 Kans. 643, 107 Pac. 235, 27 L. R. A. (N. S.) 235, and note; *Gilman* v. *Gilman* (1886), 41 Hun. (N. Y.) 643; *Blouin* v. *Phaneuf* (1889), 81 Me. 176, 16 Atl. 540; *Lilly* v. *Menke* (1898), 143 Mo. 137, 44 S. W. 730; *In re Miner* (1903), 65 N. J. Eq. 116, 55 Atl. 1102; *In re McIntosh* (1893), 158 Pa. St. 528, 27

Atl. 1044; *Heineman's Appeal* (1879), 92 Pa. St. 95; *Wallace* v. *Wallace* (1879), 15 W. Va. 722.

2. As the tract of land involved included but ten acres, we construe the expression used in the will "the residence property in Perry township" to include all of such ten-acre tract.

3, 4. We are not impressed with appellants' contention that there was no election because of the fact that the husband having formally entered the same, failed to take further steps with reference thereto. The fact that the husband renounced the will, thereby taking an undivided one-third of the real estate which the testatrix clearly intended appellant Lawrence H. Jones should occupy for life, did not defeat the right of such beneficiary to occupy, during life, the remaining undivided two-thirds thereof including the dwelling house thereon. The husband having died intestate and the owner of the undivided one-third of the real estate, one-half of such interest or one-sixth of the real estate descended to Lawrence H. and the other one-half of such interest or sixth of the real estate descended to appellee. But it being so clearly the intention of the testatrix that appellant Lawrence H. should be permitted to occupy the real estate as a residence, while appellee is entitled to have his said one-sixth set off to him, there can be no partition or sale of the undivided two-thirds remaining, including the dwelling house, that will result contrary to the intention of the testatrix as expressed in the will. §1265 Burns 1926, §1247 Burns 1914; *Brown* v. *Brown* (1873), 43 Ind. 474; *Kepley* v. *Overton* (1881), 74 Ind. 448; *Arnold* v. *Arnold* (1923), 308 Ill. 365, 139 N. E. 592.

The judgment is reversed, with instruction to the trial court to restate its conclusion of law in harmony with this opinion, and to render judgment accordingly.

ON PETITION FOR REHEARING.

NICHOLS, C. J.—Appellees earnestly contend in their brief on petition for rehearing, as well as in their original brief, that the appeal should be dismissed for the reason that it is an appeal from an interlocutory judgment of partition and that there can be no appeal until the final judgment confirming the report of the commissioners of partition, or the order of sale, has been rendered. They cite numerous authorities to sustain their contention. That such is the general rule is not questioned, but ordinarily the title to real estate is not involved in an action for partition, and unless such is the case, as determined by the authorities cited by appellant, no appeal will lie from the interlocutory decree. But when, as in this case, the title of lands is directly put in issue, the judgment of partition is conclusive as to the rights of the parties and from such a judgment, involving the title to real estate, an appeal will lie after a motion for new trial has been ruled upon. *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 38 N. E. 42.

The petition for rehearing is denied.