IN THE MATTER OF THE ESTATE OF MAUDE E. BARNETT, DECEASED, ELIZABETH K. BERKEBILE *v.* ERNEST J. BARNETT.

[No. 2-1072A82.   Filed March 7, 1974.]

*Donald F. Foley, Yeager, Foley, Hafsten & Sehr,* of Indianapolis, for appellant.

*Charles R. Tiede, Plummer, Tiede, Magley & Metz,* of Wabash, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Ernest Barnett filed his "Co-Executor's Final Account; Petition to Settle and Allow Account; and Petition for Partition of Undivided Interests in Real Estate," hereinafter referred to as petition, on July 25, 1969. Elizabeth Berkebile, a co-executor and heir, filed her objections to this petition on August 29, 1969. After a hearing by the Wabash Circuit Court on the petition and objections, the trial court granted the petition for partition and approved the final account on December 4, 1970. The court additionally ordered an appraisal of the partitioned real estate to enable an equalization of the distribution if necessary. This appraisal report was filed by the appraiser on February 19, 1971, and the court ordered Elizabeth Berkebile to pay Ernest Barnett $1,000 to equalize the distribution under the December 4, 1970 judgment partitioning real estate. Elizabeth Berkebile filed her motion to correct errors within sixty days of the February 19, 1971 order to pay $1,000. This motion to correct errors was overruled on July 18, 1972 and this appeal followed raising these issues for our consideration:

ISSUE ONE: Was there sufficient evidence to support the trial court's finding that an oral agreement for partition existed between Elizabeth Berkebile and Ernest Barnett?

ISSUE TWO: Is the order for partition contrary to the law since it conflicts with the "intent" of the testator to devise the land jointly?

ISSUE THREE: Was the trial court's failure to appoint commissioners under IC 32-4-5-6 (Burns 1973) a denial of due process?[1]

Our opinion concludes that there was sufficient evidence to support the trial court's finding of an oral agreement to partition; however, such an agreement is not necessary since the trial court's judgment is authorized and provided for under IC 29-1-17-11 (Burns 1972). On the second issue, we conclude that the evidence fails to show that the partitioning ordered by the trial court was contrary to the intent of the testatrix. Upon the third and last issue, we conclude that there was not a denial of due process. We affirm the trial court's judgment.

---

1. Elizabeth Berkebile raises three other issues for our consideration:

"Argument 2: WHEN A TESTATRIX HELD PROPERTY INDIVIDUALLY PRIOR TO DEATH AND DEVISED IT TO TWO HEIRS, AND THE SALE OF SAID REAL ESTATE IS NOT NECESSARY TO PAY THE EXPENSES OF THE ESTATE, A CO-EXECUTOR, WHO IS ALSO ONE OF THE DEVISEES TO SAID REAL ESTATE, DOES NOT HAVE STANDING TO PETITION AS A CO-EXECUTOR FOR PARTITION OF SAID REAL ESTATE.

* * *

"Argument 4: WHEN MORE THAN ONE EXECUTOR HAS BEEN APPOINTED TO ADMINISTER AN ESTATE, SUCH EXECUTOR MAY NOT INDEPENDENTLY OF THE OTHER, PETITION ON BEHALF OF THE ESTATE FOR PARTITION OF LAND.

* * *

"Argument 6: AN ATTORNEY APPOINTED TO REPRESENT CO-EXECUTORS MAY NOT ALSO REPRESENT THE INTERESTS OF ONE SUCH EXECUTOR AS AN HEIR TO THE ESTATE, WHEN SUCH HEIR'S INTEREST IS IN CONFLICT WITH THAT OF THE OTHER EXECUTOR, AND WHEN SUCH A CONFLICT CAUSES INJURY TO THE OTHER CO-EXECUTOR AND IF ALLOWED TO CONTINUE BY THE COURT, VIOLATES THE OTHER CO-EXECUTOR'S RIGHT TO DUE PROCESS OF LAW."

However, these contentions of error are raised for the first time in Appellant's brief and are not specifically set out in her motion to correct errors. Such contentions of error are waived. *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160; *Martin* v. *Grutka* (1972), 151 Ind. App. 167, 278 N.E.2d 586; *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227.

## II.

## STATEMENT OF THE FACTS

Maude E. Barnett died testate on September 1, 1967. The heirs under her will were her children, Elizabeth K. Berkebile, Ernest J. Barnett and Carl Samuel Barnett. Carl Samuel Barnett was to receive $10,000 in trust. Ernest J. Barnett and Elizabeth K. Berkebile were to receive the residue of decedent's estate. Ernest J. Barnett and Elizabeth K. Berkebile were appointed co-executors. In the spring of 1968, a meeting was held in the offices of the co-executors' attorney. Ernest J. Barnett, Elizabeth K. Berkebile, and Dr. John Berkebile, Elizabeth's husband, were present and divided up the livestock and crops located on four tracts of land making up the residue of decedent's estate. It is at this meeting that Ernest Barnett contends he and his sister reached an oral agreement to partition the four tracts of land. He was to have an one hundred two (102) acre tract and a fifty-five (55) acre tract (hereinafter Tracts I and II respectively) and Elizabeth Berkebile was to have an eighteen (18) acre tract and an one hundred-twenty (120) acre tract (hereinafter Tracts III and IV respectively). After this meeting, Ernest Barnett farmed Tracts I and II and paid the taxes thereon, and the Berkebiles paid the taxes on Tracts III and IV, with a tenant, Mr. Harold Miller, farming Tracts III and IV. Elizabeth Berkebile, however, denies there was ever an agreement to partition the real estate and contends it was always her desire to keep the four tracts together to be held in trust for Ernest Barnett's children.

On July 25, 1969, Ernest Barnett filed his petition for partition which was granted by the trial court over Elizabeth Berkebile's objections. The trial court's judgment granting partition on December 4, 1970 reads in pertinent part as follows:

"NOW, THEREFORE, IT IS ORDERED AND DECREED by the Court as follows:

1. Said Account and Petition are hereby in all things approved.

2. Said EXECUTORS are hereby ordered and directed to transfer unto themselves, one (1) share each of the Common Capital Stock of THE FIRST NATIONAL BANK IN WABASH.

3. That ELIZABETH K. BERKEBILE, one of the residuary devisees of said Decedent, is now the owner in fee simple of the following described real estate in the County of Wabash, in the State of Indiana, to-wit:

TRACT III
(legal description deleted)

TRACT IV
(legal description deleted)

4. That ERNEST J. BARNETT, one of the residuary devisees of the Decedent, is now the owner in fee simple of the following described real estate in the County of Wabash, in the State of Indiana, to-wit:

TRACT I
(legal description deleted)

TRACT II
(legal description deleted)

5. That though by the terms of the Will of said Decedent all of the real estate hereinabove described descended to ERNEST J. BARNETT and ELIZABETH K. BERKEBILE, as tenants in common of equal undivided one-halfs, upon the death of said Decedent, they have, by agreement, entered into an equitable partition thereof, so that from the date of this Decree, their title to said several Tracts are as hereinbefore ordered, separate and apart from the ownership of each other, subject only to the equalization of values thereof as of January 1, 1968, in accordance with the further order of this Court.

6. That ERNEST PAULLUS is now appointed by this Court to make an appraisal of the four Tracts of real estate hereinbefore described as of January 1, 1968, said appraisal not to take into account permanent improvements made after said date, and the said ERNEST PAULLUS is directed to file herein his appraisal of said values, following which a further order will be made

herein directing payment to equalize the distribution of said real estate between the residuary devisees.

"And said EXECUTORS are hereby ordered and directed to procure a certified copy of this Decree and to record same in the Office of the Recorder of Wabash County, Indiana. "And THE PERU TRUST COMPANY is now ordered to file herein its acceptance of the Trust for CARL SAMUEL BARNETT and its oath for the performance of duties as TRUSTEE thereunder."

On February 19, 1971, the appraiser's report was filed and the trial court ordered Elizabeth Berkebile to pay Ernest Barnett $1,000 as the excess value of the parcels she received over the value of those parcels received by Ernest. Elizabeth Berkebile's motion to correct errors, filed within sixty days of the order to pay $1,000, raises the issues stated below in our "Statement of the Issues" section.

### III.

### STATEMENT OF THE ISSUES

Elizabeth Berkebile's motion to correct errors raises the following issues for our determination:

ISSUE ONE: Was there sufficient evidence to support the trial court's finding that an oral agreement for partition existed between Elizabeth Berkebile and Ernest Barnett?

ISSUE TWO: Is the order for partition contrary to law since it conflicts with the "intent" of the testator to devise the land jointly?

ISSUE THREE: Was the court's failure to appoint commissioners under IC 32-4-5-6 (Burns 1973) a denial of due process?

We conclude in our "Statement on the Law" that the evidence was sufficient for the trial court's finding; however, it is not necessary that the evidence support such a finding to affirm the judgment. The judgment follows the statute. IC 29-1-17-11 (Burns 1972). Issues two and three are answered negatively We affirm.

## IV.

## STATEMENT ON THE LAW

Before reaching the issues raised by Elizabeth Berkebile in her motion to correct errors, it is necessary for this Court to determine if Ernest Barnett's motion to dismiss this appeal has merit. Rule TR. 59 (C) of the Indiana Rules of Procedure, IC 1971, 34-5-1-1 provides:

"(C) When a motion to correct errors must be filed. A motion to correct errors shall be filed not later than sixty (60) days after the entry of judgment."

This rule has been held to be mandatory and jurisdictional. See *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553 and *Lines* v. *Browning* (1973), 156 Ind. App. 185, 295 N.E.2d 853.

It is Ernest Barnett's contention that the December 4, 1970 order of partition was the "entry of judgment" from which the 60 days began to run for the purposes of this appeal. Since the motion to correct errors of Elizabeth Berkebile was not filed within 60 days of the December 4, 1970 order but within 60 days of the February 19, 1971 order to pay $1,000, he contends that the motion to correct errors was not timely filed and that this Court does not have jurisdiction to hear this appeal. We disagree.

The Supreme Court of Indiana in defining an appealable final judgment has stated in *Thompson* v. *Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657, 659.

"As a general rule, a final judgment which is appealable is one which disposes of *all of the issues as to all of the parties and puts an end to the particular case.* . . . A final judgment reserves no further question or direction for future determination. . . ." (Our emphasis)

See also, *Meyer* v. *McClellan* (1972)., 154 Ind. App. 51, 289 N.E.2d 149, 151 and *Richards* v. *Crown Point Community*

*School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5. The December 4, 1970 order of partition was not an appealable final judgment. It did not put an end to the case since the trial judge's order of partition expressly provided that there was to be a further order "directing payment to equalize the distribution of said real estate. . . ." Orders of the trial court making final distribution have been held to be a final judgment from which appeal will lie. *Security Trust Co.* v. *Jaqua* (1925), 200 Ind. 732, 148 N.E. 148; *Rutledge* v. *Trautman* (1943), 221 Ind. 623, 51 N.E.2d 4; *Decker* v. *Decker* (1952), 122 Ind. App. 390, 102 N.E.2d 920. However, in the present case, the distribution was not final until February 19, 1971 when the trial court ordered Elizabeth Berkebile to pay Ernest Barnett $1,000 thus equalizing the distribution as to its extent and character. Under IC 29-1-17-2(d) (Burns 1972), the decree of December 4, 1970 was not a decree of final distribution:

> "(d) The decree of final distribution shall be *a conclusive determination* of the persons who are the successors in interest to the estate of the decedent and *of the extent and character of their interest* therein, subject only to the right of appeal and the right to reopen the decree. It shall operate as the final adjudication of the transfer of the right, title and interest of the decedent to the distributees therein designated, . . . ." (Our emphasis)

The transfer of the four tracts of land under the December 4, 1970 order of partition was not a "conclusive determination" of the extent and character of Ernest Barnett and Elizabeth Berkebile's interest therein since they took the property subject to an equalization order to be made in the future. Elizabeth Berkebile's motion to correct errors was timely filed and we will consider this appeal on the merits.

Elizabeth Berkebile's three contentions of error denominated Issue One, Issue Two and Issue Three above are without merit. These contentions of error ignore express statutory authority for the action of the trial court. IC 29-1-17-11 (Burns 1973) provides:

"Partition for purpose of distribution.—When two [2] or more distributees are entitled to distribution of undivided interests in any real or personal property of the estate, distribution shall be made of undivided interests therein unless the personal representative or one or more of such distributees shall petition the court not later than the hearing on the petition for final distribution, to make partition thereof. If such petition is filed, the court, after such notice to all interested persons as it shall direct, shall proceed to make partition, allot and divide the property in the same manner as provided by the statutes with respect to civil actions for partition, so that each party receives property of a value proportionate to his interest in the whole, and for that purpose the court may direct the personal representative to sell any property which cannot be partitioned without prejudice to the owners and which cannot conveniently be allotted to any one [1] party. If partition is made in kind, the court may appoint a commissioner to partition said property, who shall have the powers and perform the duties of a commissioner in civil actions for partition, and the court shall have the same powers with respect to his report as in such actions. In case equal partition cannot be had between the parties without prejudice to the rights or interests of some, partition may be made in unequal shares and by awarding judgment for compensation to be paid by one or more parties to one or more of the others. Any two [2] or more parties may agree to accept undivided interests. Any sale under this section shall be conducted and confirmed in the same manner as other probate sales. The expenses of the partition, including reasonable compensation to the commissioner for his services, shall be equitable [equitably] apportioned by the court among the parties, but each party must pay his own attorney's fees. The amount charged to each party shall constitute a lien on the property allotted to him."

ISSUE ONE: *Sufficiency of the Evidence.*

In the decree of December 4, 1970, the trial court made the following finding of fact:

"6. The Decedent died seized of real estate located in Wabash County, Indiana, described as Tracts I through IV, inclusive, which are described on Exhibit 'A' attached hereto and incorporated herein by reference; that on or about May, 1968, the residuary devisees of said real estate separated their use and enjoyment of said Tracts so that ERNEST J. BARNETT occupied

and used Tracts I and II thereof, and ELIZABETH K. BERKEBILE occupied and used Tracts III and IV thereof, and that each is entitled to all of the income and is liable to all of the expense in connection with said respective Tracts in their occupancy and use from and after the date of January 1, 1968. That the said ERNEST J. BARNETT and ELIZABETH K. BERKEBILE further agreed to an equitable division of said real estate by which ERNEST J. BARNETT would be the owner of Tracts I and II, and the said ELIZABETH K. BERKEBILE would be the owner of Tracts III and IV, subject only to an adjustment in cash as between them for any difference in values of the several Tracts agreed to be accepted by each. . . ."

When reviewing the sufficiency of the evidence in a civil case, this Court will not weigh the evidence nor resolve questions of credibility of witnesses. We will look only to that evidence and the reasonable inferences therefrom which support the judgment of the trial court. *Palmer* v. *Decker* (1970), 253 Ind. 593, 255 N.E.2d 797; *Wilson* v. *Jerry Miller, Inc.* (1973), 157 Ind. App. 135, 299 N.E.2d 177. There was sufficient evidence to support the trial court's finding of an oral partition agreement. Ernest Barnett testified as follows on cross-examination:

"Q. Well, at the time of this meeting in Mr. Tiede's office, Mr. Barnett, did either you or your sister sign anything?
"A. Not that I remember of.
"Q. And as the meeting adjourned, she had not agreed, but said she wanted to go home and think it over, is that correct?
"A. Well, that was just on the price of the land.
"Q. You're telling the Court that she had finally agreed with you that these two tracts of land would be yours and the other two would be hers?
"A. That's right.
"Q. And there was no written memoranda of that agreement?
"A. I don't remember about it."

Regardless of whether there was an oral agreement between Elizabeth Berkebile and Ernest Barnett to partition the land,

Ernest Barnett as a distributee under the Will could petition the court "not later than the hearing on the petition for final distribution, to make partition. . . ." under IC 29-1-17-11, *supra*. The trial court had express statutory authority to make partition regardless of whether the distributees had agreed to such a partition.

ISSUE TWO: *Intent of the Testator:*

IC 32-4-5-5 (Burns 1973) provides:

> "Testator's intention governs.—Such court shall not order or affirm partition of any real estate contrary to the intention of a testator, expressed in his will."

See also *Kepley* v. *Overton* (1881), 74 Ind. 448; *Brown* v. *Brown* (1873), 43 Ind. 474; *Jones* v. *Jones* (1925), 84 Ind. App. 176, 149 N.E. 108. However, Maude Barnett's Will discloses no express or implied intention that the four tracts be held without partition. The pertinent clauses of her Will read as follows:

### "ITEM IV

"I give, devise and bequeath the rest and residue of my property and estate to my children, ERNEST J. BARNETT and ELIZABETH K. BERKEBILE, or their respective descendants, *per stirpes*, subject to the provisions of Item II of this Will.

\* \* \*

### "ITEM II

"I direct that all my just debts, all expenses of my last illness, funeral and burial; all expenses of the administration of my estate; all inheritance, estate and succession taxes, state and federal, imposed by reason of my death on, or measured by, any and all property and any and all transfers of property by this will or otherwise either at or prior to my death; and all such taxes so imposed on, or measured by proceeds of insurance on my life, be paid as soon as they can conveniently and properly be paid by my personal representatives out of the personal property belonging to my estate as my personal representatives shall determine. In the event that my personal estate shall be

insufficient to meet the requirements of this Item and the following Item of this my will, then I direct that my children, ELIZABETH K. BERKEBILE and ERNEST J. BARNETT, equally shall have the opportunity to make sufficient funds available to my said estate for the payment of the obligations of this Item and the following Item of my will. In the event that my said named children shall not avail themselves of this option, then all or such portion of my real estate as is required shall be sold in order to meet the obligations of these Items of will."

Since there is no condition in Maude Barnett's Will that the tracts remain unpartitioned, IC 29-1-17-11, *supra,* expressly allows a distributee to petition for partition of undivided interests in real estate.

ISSUE THREE: *Appointment of Commissioners.*

Elizabeth Berkebile mistakenly contends that the trial court was required to appoint commissioners under IC 32-4-5-6 (Burns 1973). IC 29-1-17-11, *supra,* specifically states that ". . . If partition is made in kind, the court *may* appoint a commissioner to partition said property, . . ." The appointment of three commissioners under IC 32-4-5-6, *supra,* was not necessary. The appointment of an appraiser in the present case was not to fulfill the function of a commissioner to enable partition, but for the purpose of making an equalization order as expressly provided for in IC 29-1-17-11, *supra.*

On appeal, this Court must sustain the action of the trial court if it is sustainable on any theory. *Indiana & Michigan Electric Co.* v. *Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436; *Saloom* v. *Holder* (1973), 158 Ind. App. 177, 304 N.E.2d 217. When the trial court ordered the partition of the four tracts of land under IC 29-1-17-11, *supra,* it acted within the statutory provision.

## V.

### DECISION OF THE COURT

There was sufficient evidence of probative value to support the trial court's finding that an oral agreement to partition did

exist; however, the trial court's judgment is well founded without such an agreement. The statutory provisions found in IC 29-1-17-11, *supra,* support the action taken by the trial court without an oral agreement.

The partition order is not in conflict with the intent of the testatrix. We find no express or implied condition in the Will that the four tracts cannot be distributed in kind by partition subject to equalization.

No commissioners were necessary as contemplated under IC 32-4-5-6, *supra,* to partition the real estate. The partitioning had already been accomplished by the trial court. Final distribution required an equalization in value. This was the purpose of appointing the appraiser. His function was not to effect a partition but an equalization as provided by the statute, IC 29-1-17-11, *supra.*

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 307 N.E.2d 490.