## NEWELL *v.* THE SUCCESS GRANGE, ETC., ET AL.

[No. 14,499. Filed July 26, 1932.]

*Hawley O. Burke* and *Harman & Wider*, for appellants.

*Oscar Jay*, for appellees.

NEAL, J.—Appellants (plaintiffs below) filed their complaint in two paragraphs, the first of which was a suit to eject appellees (defendants below) from a certain tract of real estate and the second of which was an action to quiet title thereto. Appellees, by cross-complaint, sought to quiet title to the same real estate as against appellants. The court below found against appellants on each paragraph of their complaint and for appellees on their cross-complaint. The error assigned is the overruling of appellants' motion for a new trial and the causes set forth thereunder are: (1) The de-

cision of the court is not sustained by sufficient evidence; and (2) the decision is contrary to law.

The evidence consisted of stipulations of facts, which, being summarized, reads as follows: On October 11, 1880, and prior thereto, one George Newell was the owner of certain real estate described in the complaint and cross-complaint; that on the above named date George Newell and his wife, Sarah A. Newell, sold and conveyed the real estate described in the complaint and cross-complaint to the Osolo Chapel of the Methodist Episcopal Church for a consideration of $30; that the deed of conveyance reads in part as follows: "This Indenture witnesseth that George Newell and Sarah A. Newell, his wife . . . for the sum of $30, the receipt whereof is hereby acknowledged, convey and warrant to Peter Cauffman, Josiah D. Replogle, Guy Newell, John Ouderkirk, George W. Rich, Henry E. Oaks and Selas Nott, trustees of Osolo Chapel of the Methodist Episcopal Church and their successors in office, the following real estate in Elkhart County (then follows the description of a tract of real estate by metes and bounds) containing one-half acre, more or less, in trust that the said premises shall be kept and maintained as a place of worship for the use of the Methodist Episcopal Church of the United States of America, the building to be erected thereon to be free for all funeral services at all times and under all circumstances. It shall also be free for all orthodox denominations when not desired for use by the above named Methodist Episcopal Church"; that George Newell and wife are deceased and that Nat Newell and Minnie I. Shaver, plaintiffs (appellants herein) are the only heirs at law of the grantors surviving them; that a church was organized known as the Osolo Chapel Methodist Episcopal Church; that the congregation of such church erected an edifice for

church purposes situated one-half on the real estate described in the complaint and one-half on adjoining land thereto; that on April 21, 1930, the Osolo Chapel of the Methodist Episcopal Church, by its trustees, executed a deed and conveyed the property described in plaintiffs' complaint and defendants' cross-complaint to defendants, Success Grange 2185; the deed of conveyance contained covenants of warranty.

Appellants take the position that the deed from George Newell and Sarah A. Newell to the trustees of Osolo Chapel granted in trust an estate upon conditions subsequent only and that its subsequent conveyance to the appellees was a breach of such conditions and the title thereupon vested in appellants, while appellees contend that the deed from George and Sarah Newell, contained no forfeiture clause and no condition subsequent, and that a fee simple title vested in the church upon the execution of the deed; further that the church had full authority to sell and convey the real estate and that appellees acquired a fee simple title to the real estate as against any claims of the grantors or their heirs.

We hold that the deed executed by George Newell and wife, to the trustees of the Osolo Chapel of the Methodist Episcopal Church did not contain conditions subsequent and the conveyance of the land in question to appellees did not operate so as to vest the title in appellants as heirs at law of the named grantors. We hold that the case of *Taylor* v. *Campbell* (1912), 50 Ind. App. 515, 98 N. E. 657, is decisive of the questions involved herein and that the contention of appellants cannot prevail. Upon the authority of *Taylor* v. *Campbell, supra,* the judgment is affirmed.