JAMES R. MARTIN ET UX. *v.* ANDREW G. GRUTKA.

[No. 1071A198. Filed February 17, 1972.]

*William W. Andersen, Jr.,* of Chesterton, *Ronald V. Aungst,* of Valparaiso, for appellants.

*William J. O'Connor,* of Hammond, for appellee.

ROBERTSON, J.—The cause of action, out of which this appeal arises, was commenced on November 4, 1969, when plaintiff-

appellants filed a complaint against defendant-appellee Grutka in the Porter Superior Court. The issues before the trial court were formed by plaintiff's amended complaint which alleged, inter alia, the following: That during the years of 1948, 1949, 1950, and 1951 plaintiffs conveyed by warranty deeds four parcels of real estate located in Porter County, Indiana; That the conveyances were without monetary consideration, and that as a condition of the conveyances the property was to be used "for St. Patrick's Parish, Chesterton, Indiana;" That it was the intent of the parties that the said condition would mean that the real estate was to be used as a site upon which St. Patrick's Parish would construct a parochial school, a chapel and church, and that if the land or any portion thereof was not used for that purpose, it was to be returned to the plaintiffs, or if the land or any portion thereof was sold or otherwise conveyed, the plaintiffs were to be entitled to and receive the proceeds of said sale or conveyance; That if the intent of John F. Noll was to take and use said real estate for purposes other than that heretofore alleged, then John F. Noll fraudulently induced plaintiffs to convey the property to him; That Andrew G. Grutka, defendant herein, was appointed Bishop of the Catholic Diocese of Gary, and the aforesaid real estate was conveyed to defendant as the Bishop of the Diocese of Gary by John F. Noll and/or his successors; That on or about July 20, 1956, a portion of said real estate was sold and conveyed by the Catholic Diocese of Fort Wayne to John Read and Elinor Read, and said sale and conveyance was made only after Bishop Leo Pursley, President of the Catholic Diocese of Fort Wayne, and his subordinates and agents had discussed the matter with plaintiffs and requested and received their permission to and regarding the sale of said property; That plaintiffs are informed and believe, and on such information and belief allege, that defendant knows, or has reason to know, the intent of the plaintiffs and of said John F. Noll concerning the use and disposition of said property, and that defendant refuses

to honor and be bound by said intent and agreement; That defendant has acknowledged to plaintiffs his knowledge of the intent of plaintiff and John F. Noll, and defendant has represented that he would honor said intent, and that plaintiffs have relied on said acknowledgement and representation; That on or about November 23, 1966, defendant caused approximately fourteen acres of the aforesaid real estate to be appraised and thereafter caused to be issued to plaintiffs monies equal to the appraised value of said parcel and said parcel is not intended to be a part of this law suit; That approximately six acres of the said real estate is being used by St. Patrick's Parish for the purposes intended by the parties; That the State of Indiana is claiming an interest, by eminent domain, in approximately ten acres of said real estate, and therefore, the said portion cannot and will not be used for the purposes intended by the parties; That the remaining portion of said real estate, constituting approximately fifty-five acres is vacant and unused, is not being used for the purposes which the parties to the deeds intended, nor are there any plans that said real estate was to be so used in the future; That plaintiffs have demanded of defendants the aforesaid unused fifty-five acres, or in the alternative, that defendant pay to plaintiffs the reasonable value of said property, and that defendant has failed and refused to do so; That by reason of the action of defendant alleged herein plaintiffs have been damaged in the sum of $160,000.

Plaintiffs' amended complaint further sought that the trial court grant such of the following measures of relief as it felt proper:

"1. That the warranty deeds referred to herein be canceled [sic] and that title to all real estate therein conveyed, except for the approximately six (6) acres being used by St. Patrick's Parish for the purposes intended by the parties to the warranty deeds, and the approximately fourteen (14) acres for which plaintiffs have previously received monies, be reinvested in the plaintiffs;

"2. That the proceeds of any condemation [sic] or eminent domain suit be delivered to plaintiffs;

"3. That the warranty deeds referred to herein be reformed to reflect the true intent of the parties thereto;

"4. That defendant Andrew G. Grutka, Bishop of the Catholic Diocese of Gary, be ordered to pay to plaintiffs as damages the sum of One Hundred and Sixty Thousand Dollars ($160,000.00) ; and

"5. Any and all other and alternative relief as may be proper."

Subsequent to the filing of plaintiffs' amended complaint and defendant's answer thereto, defendant filed his motion for summary judgment, and his affidavit and brief in support of the motion, on October 8, 1970. During pre-trial conference, on February 16, 1971, the trial court heard argument on defendant's motion for summary judgment and took the same under advisement. Counsel for plaintiffs was granted 15 days to file his brief in opposition to the motion for summary judgment, which was thereafter filed on March 3, 1971. Subsequent to the filing of defendant's reply brief, the trial court entered the following judgment:

"The court, having examined defendant's Petition for Summary Judgment filed heretofore in this cause, the affidadavit filed in support thereof and the briefs submitted by the parties, now sustains defendants' motion for summary judgment, and court now finds that the deed here in question made a conveyance in fee simple to the Catholic Diocese of Fort Wayne and its successors in interest.

ALL OF WHICH IS SO ORDERED, ADJUDGED AND DECREED by the court this 18th day of May, 1971. Costs versus plaintiff."

Plaintiff's motion to correct errors, which was overruled by the trial court, sets out the following:

"(a) That the motion for Summary Judgment was considered at a pre-trial conference without prior notice to Plaintiffs' counsel that the same would then be considered causing surprise to Plaintiffs' counsel which ordinary prudence could not have guarded against and denying Plaintiffs' counsel the right to present affidavits in opposition to said

Motion for Summary Judgment and in connection herewith Plaintiff attaches Affidavit of Plaintiff, James R. Martin and makes the same a part hereof.

"(b) That the Court abused its discretion in consideration of the Motion for Summary Judgment by pre-judging the case and resolving doubts in favor of Defendant, Andrew G. Grutka rather than in favor of Plaintiffs in contravention of the ruling set forth in *Kochert, et. al* v. *Wiseman, et. al, 148 Ind. App. 613, 269 N. E. 2d 12 (1971).*

"(c) That in considering the Motion for Summary judgment the Court failed to consider the Pleadings and Affidavit in a light most favorable to Plainitiffs [sic] in contravention of the ruling of *Kochert, et. al* v. *Wiseman, et al., 148 Ind. App. 613, 269 N. E. 2d 12 (1971).*

"(d) That in consideration of the Motion for Summary Judgment the Court failed to consider and take into account the pleadings filed in this cause in contravention of *Kochert, et al.* v. *Wiseman, et al., 148 Ind. App. 613, 269 N. E. 2d 12 (1791)* [sic].

"(e) That there exists a genuine issue as to material fact, which issue of material fact is whether or not said Defendant was aware of or should have been aware of the intent of the parties at the time of the original giving and donation of said real estate and whether or not Defendant, Andrew G. Grutka ratified and adopted said intent and acted, at least partially, in accordance therewith, and the Defendant, Andrew G. Grutka is not entitled to a Judgment as a matter of law."

In examining plaintiffs' assignment (a), it appears from the record of the proceedings below that defendant's motion for summary judgment was filed approximately four months prior to the time it was considered at the pre-trial conference. Plaintiffs, however, do not contend that the time in which they were required to respond to the motion was insufficient, but rather that they were denied notice that defendant's motion for summary judgment would be considered at the pre-trial conference. While plaintiffs may earnestly argue that they did not have actual notice that the motion for summary judgment would be considered at the pre-trial conference, they must, nonetheless, be deemed to have had constructive notice by reason of Trial Rule 16 of

the Indiana Rules of Trial Procedure and Rule VI of the Local Rules of the Porter Superior Court, which read as follows:

"TRIAL RULE 16 (a) [Pre-Trial Conference] *When Required-Purpose.* in any action except criminal cases, the court may in its discretion and upon the motion of any party, direct the attorney for the parties to appear before it for a conference to consider . . .

(6) such other matters as may aid in the disposition of the action.

RULE VI. The attorneys for the several parties to an action will be directed in writing to appear before a Judge of this Court, at Chambers in Valparaiso, Indiana, at a time certain for a conference within the intendment of Rule 1-4 of the Rule of Practice and Procedure, to consider: (a). the disposition of all pending motions."

Of further relevance to this point, is the fact that plaintiffs were allowed fifteen days from the time of the pre-trial conference to file a brief in opposition to defendant's motion for summary judgment. While plaintiffs did file an opposing brief, no affidavits were filed.

Plaintiffs' four remaining assignments of error are closely interrelated, and depend solely on the question of whether or not there existed a genuine issue as to a material fact. It is contended in plaintiffs' assigned error (e) that a genuine issue as to a material fact existed, which was ". . . whether or not said defendant was aware of the intent of the parties at the time of the original giving and donation of said real estate, and whether or not defendant, Andrew G. Grutka, ratified and adopted said intent and acted, at least partially, in accordance therewith. . . ." The material fact issue which plaintiffs assert the existence of is without merit in that it begs the question by presupposing that the intent of the parties to the deeds was to convey an estate less than a fee simple estate. Any question as to whether or not defendant was aware of the intent of the parties could become relevant to this case only if it were established that such intent was to

make less than a conveyance in fee simple. This conclusion logically follows since any recovery or relief granted plaintiffs is wholly dependent on the issue of whether or not the intent of the parties was to convey a fee simple estate. Plaintiffs' assigned error (e) notwithstanding, the decisive issue of this appeal is more aptly identified in plaintiffs' brief wherein the following argument is made:

> "Each of the deeds referred to in Martin's Complaint and Amended Aomplaint [sic] . . . conveyed property to Bishop John F. Noll for St. Patrick's Parish, Chesterton, Indiana. Martin contends that the insertion of such language in the deeds created an ambiguity with respect to such deed as to whether such language conveyed a fee simple interest, created a condition subsequent, a limitation, or a covenant and that the Court could not make that determination without reference to extrinsic evidence; and that it was the Court's duty to inform itself of the meaning of the questionable words or phrase by extrinsic evidence."

While plaintiffs are correct in their argument that where the language of an instrument is ambiguous and susceptible of more than one meaning extrinsic evidence must be considered in order to construe the true intent of the parties, we are wholly unable to find any authority, nor has any been cited, in support of plaintiffs' contention that the language used in the deeds in question here created an ambiguity as to whether or not a fee simple estate vested in John F. Noll and his successors. The courts of this state have long since consistently held that in order to convey a conditional estate the words in the deed must show a clear and unmistakable intent to do so. *Sumner* v. *Darnell* (1891), 128 Ind. 38, 27 N. E. 162; *Sheets* v. *Vandalia R. Co.* (1921), 74 Ind. App. 597, 127 N. E. 609; *Ebenezer's Old Peoples Home* v. *So. Bend Old Peoples Home* (1943), 113 Ind. App. 382, 48 N. E. 2d 851. In the deeds in the instant case no such clear and unmistakable intent is manifested by the words "for St. Patrick's Parish."

A case in point is *Higbee* v. *Rodeman* (1891), 129 Ind. 244,

28 N. E. 442, where it was contended on appeal, that the words "for common school purposes" in the granting clause of the warranty deed created a condition subsequent which if breached by the township grantee would cause the grant to revert to the grantor or his successors. The Indiana Supreme Court voiced its disagreement with this argument in the following manner:

> "The language used in the deed from Dunn to the township specifies the use to which the property would be put, but does not even tend to create a condition subsequent."

In *Taylor* v. *Campbell* (1912), 50 Ind. App. 515, 98 N. E. 657, which is of striking similarity to the case at bar, it was contended that where lands are conveyed to be used as a place of worship by a religious society, as expressly set out in the deed, a contract for the sale of the property for the purpose of re-investing the proceeds in other property works a reversion in the grantor or his heirs. In affirming the trial court's finding that the grantees were vested with a fee simple title to the property and were free to convey the same, this Court stated:

> "The recital that the grant was in trust for the uses and purposes therein set out cannot be understood as creating a defeasible estate for the benefit of the grantor, but must be deemed to be directory to the *cestui que trust*. The recitals are insufficient to create a conditional estate. No technical words are used, which could be understood as creating a condition; no restraint was imposed on alienation, and there was no provision for forfeiture in event the property ceased to be used for church purposes. The trust provided for the doing of certain things without conditions expressed or inherent, except the implied condition of faithful performance on the part of the trustees, which might be enforced at the instance of the church, but not at the instance of the grantor."

The court, in *Taylor, supra,* discussed at great length several cases from other jurisdictions which support its holding.

In *Newell* v. *The Success Grange* (1932), 94 Ind. App. 656, 182 N. E. 89, a warranty deed to the trustees of a church

recited that the conveyance was made "... . in trust that the said premises shall be kept and maintained as a place of worship for the use of the Methodist Episcopal Church. . . ." It was held on appeal that upon the authority of *Taylor* v. *Campbell, supra,* a fee simple title had vested in the church upon the execution of the deed and that the church had full authority to sell and convey the real estate.

On the basis of the foregoing authority, it is our conclusion that the language embodied in the deeds here in question is not ambiguous but clearly manifests an intent to convey a fee simple estate. Therefore, the trial court was not compelled to consider extrinsic evidence, and properly ruled as a matter of law that a conveyance in fee simple was made.

It is further contended in plaintiffs' brief that summary judgment was erroneously granted since there existed a genuine issue as to whether or not defendant's predecessor was guilty of fraud and misrepresentation as alleged in plaintiffs' amended complaint. While plaintiffs have urged in their brief that the existence of this issue precluded the trial court from granting summary judgment, they did not, however, raise this alleged error in their motion to correct errors. Trial Rule 59 (G) provides in part:

"In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court."

This rule is clear in its import that an issue not specifically set out in the motion to correct errors before the trial court cannot be considered on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N. E. 2d 227.

Irrespective of plaintiffs' noncompliance with Trial Rule 59 (G), we find no merit in the argument that there existed

a genuine issue as to fraud. It is patently clear under Indiana law that representations upon which an action for fraud can be maintained must be of alleged *existing* facts, and not upon promises to be performed in the future. *Middelkamp* v. *Hanewich* (1970), 147 Ind. App. 561, 263 N. E. 2d 189; *Sachs* v. *Blewett* (1934), 206 Ind. 151, 185 N. E. 856, 188 N. E. 674 (rehearing denied); *Smith* v. *Parker* (1897), 148 Ind. 127, 45 N. E. 770.

The false representation alleged in plaintiff's amended complaint was clearly as to a promise to be performed in the future and not an existing fact. Accordingly, the trial court properly found that defendant was entitled to judgment as a matter of law on the issue of fraud.

For all of the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 586.