EDITH WINKLER, ADMINISTRATRIX OF THE ESTATE OF FRITZ E. WINKLER *v.* ROYAL INSURANCE COMPANY, ROYAL INDEMNITY COMPANY AND GLOBE INDEMNITY COMPANY.

[No. 1-575A88. Filed November 25, 1975.]

*William C. Moore, Alan H. Cohen, Steckbeck & Moore,* of Indianapolis, for appellant.

*Hugh Watson, Michael A. Bergin, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellees.

LOWDERMILK, J.—Plaintiff-appellant Edith Winkler, Administratrix of the estate of Fritz E. Winkler (Winkler) brought an action against Dennis Wolfe for the wrongful death of Mr. Winkler in an automobile collision. Dennis Wolfe suffered default and a judgment was entered against him for $125,000, which judgment remains due and unsatisfied.

Winkler then brought the action before us, seeking proceeds of an automobile insurance policy issued by defendants-appellees herein (Royal) to the Hertz Corporation which was

applicable to a vehicle subsequently received from Hertz by Alice Wolfe and operated by Dennis Wolfe at the time of the fatal collision. Royal refused to concede any liability under its policy of insurance for the incident made the basis of Winkler's litigation. Thereafter Royal filed its motion for summary judgment together with a copy of the insurance policy issued by Royal to Hertz which policy afforded protection to the renter of the Hertz automobile, Alice Wolfe, and others, as provided by the omnibus coverage of the policy.

Winkler filed her memorandum in opposition to motion for summary judgment and attached thereto a copy of the insurance policy issued by Royal to Hertz.

The court in its special findings of fact, including pertinent parts of the insurance policy, held, *inter alia:*

1. The sole dispute is over the legal import of the terms of the insurance policy and rental agreement, neither of which is ambiguous or in need of construction.

2. The issue on summary judgment is whether Dennis Wolfe was an additional insured under the policy.

3. It is undisputed that Dennis Wolfe is not a "named" insured under the policy and that he did not rent the automobile he was driving from Hertz (the named insured). Dennis Wolfe came into possession of the automobile from Alice Wolfe, who was the renter and signed the rental agreement with Hertz.

4. Alice Wolfe was the wife of William Wolfe and resided with her husband and children in Indianapolis, Indiana.

5. Dennis Wolfe was a half brother of William Wolfe, was 18 years of age, was in the United States Army, and made his permanent home with his mother, Mary Wolfe, at Indianapolis, Indiana. Dennis Wolfe had never resided in the household or home of William and Alice Wolfe at the time of the collision.

6. On the day of the collision Dennis visited at William's home and William asked Alice to rent a car for Dennis' use

that night. She rented a car from Hertz in her name, drove it home, and Dennis then took possession and used the car solely for his own benefit and use.

7. The pertinent part of the insurance policy defining the insured reads as follows, to-wit:

"The unqualified word 'insured' includes the named insured and also includes (1) Any person, firm, association, partnership or corporation to whom an automobile has been rented without a chauffeur by the named insured (herein referred to as the 'renter') ; (2) Any employee of said renter (herein referred to as the 'driver') ; (3) Any employer of said renter; (4) . . . (5) If the named insured is an individual, resident of the household of the named insured, . . . (6) Any partner or executive officer of the renter; (7) If qualified licensed operators, members of the immediate family of the renter or of any partner or executive officer of the renter; (8) Any employee of the named insured while acting within the scope of his employment. . . ."

The policy exclusions also provide in pertinent part:

"It does not apply to: . . . any liability of the renter or members of his immediate family, . . . with respect to bodily injuries to, sickness, disease or death of any persons or damage to property caused in whole or in part by an automobile insured hereunder while being used to . . . (1) . . . (2) . . . (3) . . . (4) By any person other than (a) the renter who signs the rental agreement, (b) The employer of the renter, (c) A person regularly employed by such renter in the usual course of his business, (d) Any partner or executive officer of the renter, (e) Members of the immediate family of the renter or of any partner or executive officer of the renter, (5) . . ."

The Rental Agreement between Alice Wolfe and the Hertz Corporation, which was Exhibit "A" to Alice Wolfe's deposition taken November 30, 1970 provides in pertinent part:

"Under no circumstances shall vehicle be used, operated or driven: (A) . . . (B) . . . (C) . . . (D) . . . (E) By any person except (1) Customer; or (2) If a qualified licensed driver, and provided customer's permission be first obtained, (a) A member of customer's immediate family, (b) Customer's employer, or (c) An employee of customer in the course of such employee's regular and usual employment by customer. . . ."

8. The court further found Hertz did not rent the car to Dennis Wolfe; that Dennis Wolfe was not an employer or employee of the renter (Alice Wolfe) nor was he a person from whom an auto had been rented by Royal. That Dennis Wolfe was not a resident of the household of Alice Wolfe nor a partner of the renter nor a member of the immediate family of the renter nor was he an employee of Hertz.

The trial court duly entered its conclusions of law on the above findings which it concluded by decreeing that the plaintiff (Winkler) take nothing by her complaint and entered judgment on behalf of the defendants (Royal) and against Winkler.

Winkler timely filed her motion to correct errors which, after argument thereon, was by the court overruled. Said motion charges (1) the court's finding was erroneous and inadequate in that said finding did not show an absence of material fact; (2) the motion is based on assumptions regarding material issues of fact relating to the question of the interpretation and application of the language contained in Royal's insurance policy made the basis of the within litigation; (3) there is a material issue of fact which relates to the scope and application of the omnibus clause as it affects the rights and duties of the parties litigant; and (4) the court's judgment is contrary to law.

Said motion further charges abuse of discretion in granting the summary judgment thereby denying Winkler the right to present evidence upon the issues.

Winkler initially contends that the trial court relied upon the deposition of Alice Wolfe when it entered its ruling on Royal's motion for summary judgment "and that references to said additional evidence by the Court *are improper and without legal foundation inasmuch as at no time during the conduct of the hearing on Defendant-Appellees Motion For Summary Judgment was a Motion For Production And In-*

*troduction Into The Record Of The Deposition of Alice Wolfe made by counsel for Appellees."*

No affidavits were filed against the motion for summary judgment by Winkler.

Winkler further contends that the only facts relevant to the issues which were properly submitted to the court before the ruling upon the motion for summary judgment was the above referred to insurance policy.

The motion to correct errors, as above stated, discloses that Winkler did not raise any objection to Alice Wolfe's deposition being used by the court in passing on the motion for summary judgment.[1] Winkler's failure to make timely objection to the introduction and use of the deposition amounts to a waiver. Further, her failure to make known her objections in the motion to correct errors precludes her making objection thereto for the first time in this court. Ind. Rules of Procedure, Trial Rule 59 (G) :

"Motion to correct error a condition to appeal . . . Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. . . ."

This court said, in *Yellow Manufacturing Acceptance Corp.* v. *Voss* (1973), 158 Ind. App. 478, 303 N.E.2d 281, 283:

"We must conclude that YMAC has waived any claimed error with respect to the admission of this testimony due to its failure to preserve the issue in its Motion to Correct Errors. Trial Rule 59 (G), IC 1971, 34-5-1-1; *McAfee* v. *State ex rel. Stodola* (1972), 258 Ind. 677, 284 N.E.2d 778; *Martin* v. *Grutka* (1972), 151 Ind. App. 167, 278 N.E.2d 586; *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160."

In *Martin* v. *Grutka* (1972), 151 Ind. App. 167, 175, 278 N.E.2d 586 this court said:

---

1. The said deposition was forwarded to this court on appellees' motion after the case had been fully briefed as a supplemental record. The deposition showed on its face it was filed January 5, 1971 in the office of the clerk. Oral arguments were held on the motion for summary judgment on October 4, 1972 and on January 10, 1975. The record is silent as to any publication of the deposition.

"This rule is clear in its import that an issue not specifically set out in the motion to correct errors before the trial court cannot be considered on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227." See also, *Clark Co. Bd. of Co. Comm.* v. *King* (1974), 160 Ind. App. 152, 310 N.E.2d 560.

We have determined that there was only one justiciable issue in this case, which was the claimed error of the court in sustaining Royal's motion for summary judgment.

This case is governed by the Trial Rules and the Appellate Rules. Trial Rule 56(C) provides, in part, with respect to summary judgment:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

In the memorandum filed with Royal's motion for summary judgment the deposition of Alice Wolfe was alluded to along with other facts as to Dennis Wolfe's being a half brother of Alice Wolfe's husband, William, and further facts that Dennis Wolfe never resided with William and Alice Wolfe in the sense of making his home with them. The memorandum further stated facts that showed, in our opinion, conclusively that there was no agency or business relationship between Alice and Dennis at the time he had the fatal collision. The insurance policy was further alluded to in that it stated the rental agreement thereof did not apply to one who would be in the status of Dennis Wolfe and set out the reasons therefor together with a copy of the "Insuring Agreements III Definition of Insured."

We are of the opinion that there was no genuine issue as to any material fact presented to the trial court, that Royal was entitled to a judgment as a matter of law and that the court correctly entered its judgment against Winkler. *Pallikan* v. *Mark* (1975), 163 Ind. App. 178, 322 N.E.2d 398, 399.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 337 N.E.2d 499.