Paul **HIEB** and Norma Hieb d/b/a Hillside Truck Sales and Parts, also d/b/a P. N. H. Corporation, Appellant (Defendant Below),

v.

The **METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY** and the City of Indianapolis, Appellee (Plaintiff Below).

No. 2–579A123.

Court of Appeals of Indiana, Second District.

Nov. 24, 1980.

F. Robert Lively, Lively & Bogard, Indianapolis, for appellant.

Larry F. Whitham, Asst. Corp. Counsel, Indianapolis, for appellee.

SHIELDS, Judge.

Paul and Norma Hiebs appeal the issuance of a permanent injunction by the trial court. The permanent injunction requires them to stop using certain of their

property in southern Marion County as a salvage yard and to restrict their use of such property to those uses permitted under the C–7 zoning classification.

Hiebs raise two issues on appeal:

(1) whether an error of law and fact occurred when the trial court found the former owner of the property voluntarily abandoned the non–conforming use of the property and thus extinguished the non–conforming use, and

(2) whether an error of law and fact occurred when the trial court found the Hiebs expanded the non–conforming use and thus extinguished the non–conforming use.

■ The Metropolitan Development Commission of Marion County (Commission) filed a "Verified Complaint for Preliminary and Permanent Injunction and Fine" against the Hiebs on August 21, 1978. This complaint alleged the Hiebs were using several lots in southern Indianapolis for a use not permitted by the zoning ordinances applicable to the area (a salvage yard). Hiebs admit the land is being used in a way not permitted by the zoning ordinance, but argue the land is subject to a pre–existing legally established non–conforming use. Prior to July 26, 1976 the zoning ordinance in effect would have allowed the use of the land in question as a salvage yard. On July 26, 1976 the ordinance was changed and use of the land as a salvage yard was no longer permitted. To be legally established, a non–conforming use must be in existence on the effective date of an applicable ordinance. *O'Banion v. State ex rel. Shively,* (1969) 146 Ind.App. 223, 253 N.E.2d 739. The key question then is how the land was being used on July 26, 1976. The trial court found in its Findings and Opinion:

"1. That the testimony of defendants' witness Wayne Robey, along with other testimony, established that during 1976 and 1977, prior to the time of purchase by the defendants, Lots 6, 7, 8, 9, 15, 16 and 17, Bayer's Subdivision and Lots 1, 2 and 3 of Jas. Frank Addition were used for over–night storage of operable over–the–road trailers, with minor repairs. That *after July, 1976, a person by the name of Farmer attempted to operate an auto salvage business upon a portion of said lots,* which was voluntarily abandoned by the owner, Mr. Robey, at the instigation of local zoning authorities; and therefore, *there was not a non–conforming use established at the time of the enactment of the existing ordinance adopted July 26, 1976.*

"2. That the evidence shows that Lots 6, 7, 9, and 10 of Jas. Frank Addition *were never used for a use in violation of the existing zoning Ordinance,* particularly as said Ordinance applys [sic] to auto salvage and storage, *prior to the purchase of defendants in 1977.*

"3. That the evidence shows that Lots 11, 12, and 13 in Bayer's Subdivision *were never used for a use in violation of the existing zoning ordinances,* particularly as said ordinances apply to auto [salvage] and storage, *prior to the purchase of defendants in 1977."*

(emphasis added)

We affirm.

■ Hiebs have apparently misinterpreted the trial court's finding. The essential fact determined by the trial court was that a non–conforming use was not in existence on July 26, 1976. Hiebs cannot appeal this finding as it was not included within their motion to correct errors as required by Ind. Rules of Procedure, Trial Rule 59(G) (amended January 1, 1980). We have no alternative but to accept the finding of the trial court that there was no non–conforming use established on July 26, 1976. Hiebs' argument that the trial court erred in finding Robey voluntarily abandoned a non–conforming use of the property described in Finding I because the abandonment was under threat of litigation is unavailing since the trial court found the non–conforming use commenced after the effective date of the ordinance.

II

Hiebs have waived the second issue by their failure to raise it in their motion to

correct errors. Ind.Rules of Trial Procedure, Trial Rule 59(G) (amended January 1, 1980), *Winkler v. Royal Insurance Co.,* (1975) 167 Ind.App. 16, 337 N.E.2d 499.

Even if the Hiebs had not waived appeal of this issue, we would be compelled to uphold the trial court's judgment. The trial court's finding that the Hiebs' expansion of the non–conforming use was sufficient to extinguish the use was clearly an alternative finding. Even if the Hiebs had properly raised the issue and we were able to find Hiebs' expansion of the non–conforming use did not extinguish that use, the trial court's first finding, that no non–conforming use was established as of July 26, 1976, would be sufficient to uphold the judgment.

Affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.