Wayne A. STANTON, individually and in his capacity as Administrator of the Indiana State Department of Public Welfare; Marion M. Hilger, Robert M. Curless, Arvella M. Stanton, Robert G. Watson, Jr., and James W. Burnett, Jr., individually and in their capacities as members of the State Board of Public Welfare; and John E. Heiny, individually and in his capacity as Director of the Allen County Department of Public Welfare, Appellants (Defendants Below)

v.

Bonnie S. GODFREY, individually and on behalf of her minor children; Linda Lowry, individually and on behalf of her minor children; and on behalf of all other persons similarly situated, Appellees (Plaintiffs Below).

No. 3–180A16.

Court of Appeals of Indiana, Third District.

Jan. 27, 1981.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellants.

Linda S. Weiss-Malik, Ivan E. Bodensteiner, Valparaiso, for appellees.

HOFFMAN, Presiding Judge.

Appellants, Wayne A. Stanton, et al., appeal from the trial court's award of attorney's fees to a non-profit legal service organization. The two issues presented for review are:

(1) whether the trial court erred in awarding attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988; and

(2) whether the trial court erred in allowing attorney's fees to a non-profit legal service organization without a reduction for funds received by the organization from sources other than the plaintiffs.

Stanton et al. are responsible for the adoption and implementation of all policies, rules and regulations for the operation and governing of the Indiana State Department of Public Welfare and the various County Departments of Public Welfare throughout Indiana. The State of Indiana has elected to participate in a jointly funded federal-state program of Aid to Families with Dependent Children (AFDC) established by the Social Security Act, 42 U.S.C. § 601 *et seq.* Under this program the state agency provides benefits for those persons eligible under the federal law.

In 1975 plaintiffs obtained a judgment in the United States District Court for the Northern District of Indiana, Fort Wayne Division, declaring that the State's policy in establishing allowances for child care services was unconstitutional because it was in conflict with the federal Social Security Act, 42 U.S.C. § 602(a)(7). The district court enjoined Stanton from enforcing the unconstitutional regulation. A court-approved replacement regulation was thereafter promulgated.

Godfrey later brought the instant action in a state court requesting damages for the total amount of AFDC benefits withheld as a result of the use of the old allowance. The court certified the cause as a class action. Ultimately, summary judgment was granted in favor of Godfrey. Along with actual damages, Godfrey was awarded attorney's fees in the sum of $3,000. Godfrey was represented in the action by Project Justice and Equality, a privately funded, non-profit legal service organization. It is from the award of attorney's fees that this appeal is taken.

Stanton et al. argue that the court's award of attorney's fees under the Civil Rights Attorney's Fee Award Act, 42 U.S.C. § 1988 [1] is improper in this case. This argument is primarily based on the premise that Godfrey et al.'s claims in this action are not claims under 42 U.S.C. § 1983, but rather a tort or contract claim.

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Although Godfrey et al.'s claims unquestionably arise out of a violation of a federal statute (Social Security Act), Stanton et al. contend that the claims fail to be included under § 1983 because the allegations in the complaint are not phrased in the manner of a civil rights action.

---

1. 42 U.S.C. § 1988 provides:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

An identical issue was raised in *Maine v. Thiboutot* (1980), —— U.S. ——, 100 S.Ct. 2502, 65 L.Ed.2d 555. There the Supreme Court held that the language of § 1983 is sufficiently broad to include within its ambit all federal laws. "Given that Congress attached no modifiers to the phrase [and laws], the plain language of the statute undoubtedly embraces respondents' claim that petitioners violated the Social Security Act." *Id.* 100 S.Ct. at 2504.

A similar argument was also raised by the petitioners in *Maher v. Gagne* (1980), —— U.S. ——, 100 S.Ct. 2570, 65 L.Ed.2d 653. The petitioners, citing *Chapman v. Houston Welfare Rights Org.* (1979) 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508, advanced the argument that the award of attorney's fees was not proper in all § 1983 actions but rather was limited to violations of the Constitution or federal laws providing for the protection of civil rights or equal rights. This argument was rejected however and the Court held that § 1988 applies to all types of § 1983 actions including those based solely on Social Security Act violations. *Id.* 100 S.Ct. at 2574.[2]

■ In their brief Stanton et al. raise the argument that the issue of money damages could have been raised in the federal court action and therefore the action in the state court should have been barred by the doctrine of res judicata. Stanton et al. urge as a logical extension of this that attorney's fees should not have been awarded in the state court without a showing of a separate § 1983 violation.

Initially it should be noted that the issue of res judicata was not raised in appellants' motion to correct errors. At the time this motion was filed Ind. Rules of Procedure, Trial Rule 59(G) provided:

"Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court.* A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution." (Emphasis added.)

Errors raised for the first time on appeal are waived. *Winkler, Admx. v. Royal Insurance Co. et al.* (1975), 167 Ind.App. 16, 337 N.E.2d 499.

■ Even if this claim had been properly preserved for review, it is apparent that the trial court committed no error. In the federal suit the plaintiffs requested only prospective relief by way of a declaratory judgment and injunction. Apparently plaintiffs were aware of *Edelman v. Jordan* (1974) 415 U.S. 651, 94 S.Ct. 1347, 39

---

**2.** The court distinguished *Chapman* in a footnote stating:

"The jurisdictional statute at issue in *Chapman*, 28 U.S.C. § 1343, specifically limits district court jurisdiction to cases in which the plaintiff alleges a violation of a right secured by the Constitution or by a federal statute 'providing for equal rights' or 'civil rights.' Inasmuch as it does not create substantive rights at all, but merely provides a remedy for the violation of rights conferred by the Constitution or other statutes, § 1983 does not fall within the category of statutes providing for equal rights or civil rights. Therefore, there is not automatically federal jurisdiction under § 1343 whenever a plaintiff files a § 1983 claim; rather, the court must look to the underlying substantive right that

was allegedly violated to determine whether that right was conferred by the Constitution or by a civil rights statute.

"Section 1988 does not contain language like that in § 1343. Rather, § 1988 provides that attorney's fees may be awarded to the prevailing party '[i]n any action or proceeding to enforce [§ 1983].' Although the reference to actions 'to enforce' § 1983 is somewhat imprecise in light of the fact that § 1983 does not itself create substantive rights, the legislative history makes it perfectly clear that the Act was intended to apply in any action for which § 1983 provides a remedy. See *Maine v. Thiboutot*, —— U.S. at —— [100 S.Ct. 2502, 2506]."

*Id.* 100 S.Ct. at 2574, n. 11.

L.Ed.2d 662, in which the Supreme Court ruled:

> "Though a § 1983 action may be instituted by public aid recipients such as respondent, a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, *Ex parte Young, supra,* [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714], and may not include a retroactive award which requires the payment of funds from the state treasury, *Ford Motor Co. v. Department of Treasury, supra,* [323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389]." 415 U.S. at 677, 94 S.Ct. at 1362.

Since any award for monetary damages in the federal suit would have been a retroactive award which would require payment of funds from the state treasury, plaintiffs were clearly seeking relief in the state court which could not have been granted in the federal court. Therefore the doctrine of res judicata is not applicable.

██ Stanton et al. also argue that the Department of Public Welfare is not a "person" within the meaning of § 1983 and thus cannot be a defendant in a § 1983 action. Although this is a correct statement of past law, *see e. g. Monroe v. Pape* (1961) 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, the argument is no longer valid. In *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, the Supreme Court overruled *Monroe* and held that local governments and local government officials are "persons" under § 1983. These entities may therefore be sued directly for "monetary, declaratory or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690, 98 S.Ct. at 2035.

██ It is clear the allegations that Stanton et al. violated the Social Security Act causing a deprivation of Godfrey et al.'s rights sufficiently set out a cause of action under 42 U.S.C. § 1983. Furthermore, the Department of Public Welfare is a person

under § 1983 and is a proper defendant. An award of attorney's fees under § 1988 was not improper.

Stanton et al. urge as an additional error the trial court's award of attorney's fees to a non-profit legal service organization without a reduction equal to the amount of payment acquired from sources other than the plaintiffs for the present case. Stanton et al. cite *Gagne v. Maher* (2nd Cir., 1979) 594 F.2d 336 for the proposition that a reduction based upon the total public funding during the years a suit is pending is not an abuse of discretion.

Although the court in *Gagne* (later affirmed by the Supreme Court at 100 S.Ct. 2570) did allow a reduction of attorney's fees based upon public finding, it declared that "such a reduction is not mandatory and we do not suggest that it be routinely done." (Citation omitted.) *Id.* at 345. If, as the court states, a reduction should not routinely be done when federal funding is involved, surely it cannot be said that such a reduction is mandatory when a legal service organization such as the one present in this case receives funding from private sources.

This issue has recently been considered by the Eighth Circuit Court of Appeals. In *Oldham v. Ehrlich* (8th Cir., 1980) 617 F.2d 163 the court stated:

> "Although a court may consider a large number of factors in arriving at a reasonable attorney's fee under 42 U.S.C. § 1988, *e. g., Zoll v. Eastern Allamakee Community School District,* 588 F.2d 246, 252 & n. 11 (8th Cir. 1978), we conclude it is inappropriate to consider that the prevailing plaintiff's attorney was working for a legal aid organization. The basic purpose of section 1988—to encourage enforcement and observance of civil rights—permits no distinction between private attorneys and legal aid organizations. Legal aid organizations can expand their services to indigent civil rights complaints by virtue of their receipt of attorneys' fees. And a defendant sued by a plaintiff retaining legal aid counsel should not be benefited by the fortuity

that the plaintiff could not afford private counsel. Thus, whether the focus is on enabling suit by those otherwise unable to afford litigation, or on deterring misconduct by imposing a monetary burden upon the wrongdoer, a legal aid organization merits an attorney's fee fully as much as does the private attorney." (Footnote omitted.) *Id.* at 168–169.

 It is well settled that a court has considerable discretion in the awarding of attorney's fees under the Civil Rights Attorney's Fee Award Act. The act itself states that "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The trial court in this case did not abuse its discretion in awarding attorney's fees to a non-profit legal service organization.

Finally Stanton et al. contend that an award of attorney's fees in this case violates the Constitution of the State of Indiana, art. 3, § 1 [3] and art. 10, § 3.[4] This contention is premised on the assumption that the cause is a tort or contract case rather than an action based on § 1983. As explained above, however, this action falls squarely within § 1983. Therefore appellants' argument must fail. Stanton et al. also advance an argument that the award may violate the Indiana Constitution, art. 11, § 12.[5] It is difficult to understand, however, how an attorney's fee award to a non-profit legal service organization constitutes ownership of stock in that organization. It is also difficult to understand why an award to such an organization differs significantly from an award to any other attorney or law firm in this regard. This argument too must fail.

No error having been found in the proceedings below, the decision of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

3. "Three departments.—The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

4. "Appropriations.—No money shall be drawn from the Treasury, but in pursuance of appropriations made by law."

5. "State not to be stockholder.—The State shall not be a stockholder in any bank, after the expiration of the present bank charter; nor shall the credit of the State ever be given, or loaned, in aid of any person, association or corporation; nor shall the State hereafter become a stockholder in any corporation or association." .