In re the MARRIAGE OF Annia
SALAS and David Salas

David SALAS, Appellant,

v.

Annia SALAS, Appellee.

No. 1–182A14.

Court of Appeals of Indiana,
First District.

April 26, 1983.

Michael R. Sutherlin, Indianapolis, for appellant.

Pat Goodspeed, Knightstown, for appellee.

ROBERTSON, Presiding Judge.

Dr. C. David Salas (David) appeals the trial court's custody award and distribution

of property in the dissolution of his marriage with Annia Salas (Annia). We affirm in part and reverse in part.

David and Annia began dating in St. Louis, Missouri while Annia was married to someone else. She had six children from this marriage. Annia is from Costa Rica but now is an American citizen. David, who is from Peru, was studying English at St. Louis University. Annia was divorced in 1974, while David completed his medical education in ophthalmology. On April 5, 1975, David married Annia. English is not the native language of either party which has led to great difficulty in examining the record.

The couple relocated in New Castle in order to allow David to begin his ophthalmology practice. Although Annia had some computer keypunch training, she never worked in that field. She began training as an ophthalmologist's assistant when she became pregnant. At David's request, she remained at home with their new child and did not pursue this training. Another child was also born of this marriage.

Annia filed her divorce petition on June 25, 1979. The trial court awarded her temporary custody of the children and ordered David to pay the household expenses and one hundred dollars per week for temporary support and maintenance. During the pendency of the divorce, both parties were cited for contempt numerous times.

The trial court awarded Annia custody of the children, the house, $30,000, and $5,800 in attorneys' fees. Upon appeal, David alleges the trial court erred in its determination by awarding custody, that the division of marital property and the award of attorneys' fees were improper, and that the trial court should have granted his motion for a psychiatric evaluation.

David first attacks the propriety of the custody award. He argues that Annia is emotionally unstable and should not have been awarded custody. At trial, David established that Annia violated the trial court's custody order by removing the children from the state during the pendency of this action, that she had returned the custody of her six children from her prior marriage to her ex-husband, and that she had undergone comestic surgery on her face, abdomen, and breasts, which David argues is indicative of a narcississtic personality. He contends that these facts demonstrate Annia's emotional instability. David also alleged that Annia had been involved in a lesbian relationship, that she kissed and fondled the genitals of their infant son, and that she used a vulgar nickname for her oldest son from her previous marriage. David asserts that the trial court erred by awarding Annia custody in light of these facts and allegations.

██ David argues his superior academic background and his economic earning ability will enable him to be a better parent. Our standard of review in child custody determinations precludes reversal unless a manifest abuse of discretion is shown. To constitute an abuse of discretion, the decision must be clearly against the logic and effect of the facts and circumstances before the court. *In Re Marriage of Myers*, (1979) Ind.App., 387 N.E.2d 1360.

While David can be proud of his academic achievements, there was other evidence before the trial court to support its determination. Testimony was presented that David had been involved in an incestuous relationship with his stepdaughter and that he had made numerous sexual advances towards her, that he had anally raped Annia, that he had fathered an illegitimate child by the family maid while growing up in Peru, and that he had been involved in an affair with another woman during his marriage to Annia. Both parties contend that the outrageous allegations were fabricated to discredit them. It is a well established judicial standard that we will not reweigh evidence or judge the credibility of witnesses upon review. *Wireman v. Wireman*, (1976) 168 Ind.App. 295, 343 N.E.2d 292.

██ David essentially argues that the trial court did not make a good decision in awarding custody. Our review of the record indicates that the trial court was not afforded the luxury of making a good deci-

sion, its only choice was between two poor candidates with limited social mores. We cannot conclude that the trial court abused its discretion in awarding custody to Annia.

During this action, David moved for a psychiatric evaluation of Annia which the trial court denied. David argues the trial court erred by denying his motion because there was medical evidence introduced which indicated that Annia had a hysterical personality. David argues that the medical evidence combined with the other evidence of Annia being raped by her father as a child, the extensive comestic surgery, the allegations of child molestation, and that she had given up custody of her six children of her prior marriage constituted sufficient evidence for the trial court to grant his motion.

David concedes that the statutory language[1] authorizing a mental evaluation is discretionary. He argues that the trial court abused its discretion in light of the surrounding circumstances.

■ We cannot conclude the trial court erred by denying the motion. While there was a medical report before the trial court which diagnosed Annia as having a hysterical personality, the report was made pursuant to an incident which Annia characterized as anal rape. She testified that she was very embarrassed by this and would not allow any further examination. As we stated previously, to constitute an abuse of discretion, the trial court's decision must be clearly against the logic and effect of the facts and circumstances before the court. *In Re Marriage of Myers, supra.* This is an extremely difficult burden to overcome. Annia was able to explain the incidents which David claims as the basis of his motion. We remain unpersuaded that the trial court abused its discretion.

David also challenges the trial court's award of $85.00 per child per week as being excessive. David argues the amount of $170.00 per week is beyond his means and that Annia has an equal duty to support their children.

■ Child support is ordered pursuant to the guidelines of Ind.Code 31–1–11.5–12. An award of child support is a discretionary act of the trial court which will not be disturbed unless an abuse of discretion is clearly shown. *Geberin v. Geberin,* (1977) 172 Ind.App. 255, 360 N.E.2d 41. The purpose of a child support order, within the limitations of available resources, is to provide the same standard of living for the minor children that they would have enjoyed but for the dissolution of the marriage. *Wendorf v. Wendorf,* (1977) 174 Ind. App. 172, 366 N.E.2d 703.

[6] The trial court was presented with evidence showing that David earned approximately $90,000 in 1977. In 1978, David established a professional corporation and transferred $25,000 in assets to the corporation. The corporation grossed $148,-834.19 and David declared $51,459.33 as his income. Annia was virtually unskilled with very limited experience in keypunch operations and as an ophthalmological assistant. David had also previously paid $100 per child per week for approximately two years prior to a final disposition. In light of these facts and the purpose of this statute, the trial court did not abuse its discretion in making this award.

David also attacks the trial court's award of $5,800 in attorneys' fees to two law firms which had represented Annia prior to this appeal. David asserts that the amount is unjust and unreasonable. He argues that the trial court should evaluate the quality of the legal services and the size of the marital estate as well as the number of hours expended in determining fees.

■ David correctly asserts that an hourly rate is not the sole factor to be considered in determining attorneys' fees. Other traditional aspects which must be weighed include the size of the marital estate, the length of time necessary to obtain

1. Mental evaluations in child custody hearings may be ordered pursuant to Ind.Code 31–1–11.- 5–21(e) and Ind.Code 31–1–11.5–22(a).

a desired result, and the possibility of an appeal. *Johnson v. Johnson,* (1979) Ind. App., 389 N.E.2d 719. However, the award of attorneys' fees will not be disturbed on appeal unless a clear abuse of discretion is shown. *Geberin v. Geberin, supra.* In exercising this discretion, the trial court may examine the·superior earning power of one of the parties. *Wendorf v. Wendorf, supra.*

[8] There was testimony before the trial court showing that one law firm had, at a minimum, expended 104.5 hours on Annia's divorce for which they had received $350. The attorney also testified that his normal billing rate was $50.00 an hour. His billing records were before the trial court and he was subject to cross examination concerning his efforts. In reviewing this issue, we cannot conclude that the trial court abused its discretion in the award because of length of these proceedings and David's superior earning power. We must also conclude that whatever amount the attorneys will receive is only minimal for being involved in this sordid morass.

▮ It has also been raised on appeal that the trial court did not sign the order book entry. David did not include this error in his motion to correct errors, and the issue is waived. *See, Winkler, Admx. v. Royal Ins. Co., et al.* (1975), 167 Ind.App. 16, 337 N.E.2d 499.

The final issue concerns the division of property. The trial court ordered David to give Annia the house free and clear of the mortgage, attorneys' fees, some personal property, and $30,000. David received some personal property and all interest in the personal corporation.

▮ The division of marital property is governed by Ind.Code 31–1–11.5–11. In reaching a just and reasonable disposition of the property, this section requires the trial court to examine the following factors:

(1) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) the conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

Although the statute requires a just and equitable division of the marital property, it is not a requirement that the property be divided equally. The standard of review for the disposition of property in dissolution cases is whether the result is clearly against the logic and effect of the facts and circumstances before the trial court, including reasonable inferences to be drawn therefrom. The determination will not be set aside as unjust or unreasonable unless it is clearly shown that there is no rational basis for its decision. *Kirk v. Kirk,* (1982) Ind.App., 434 N.E.2d 571.

David argues that the trial court abused its discretion by awarding Annia a judgment in excess of the marital estate. An award in excess of the marital estate has been held to be an abuse of discretion. *Armstrong v. Armstrong,* (1979) Ind.App., 391 N.E.2d 855. This issue is complicated by the lack of an intelligible record due to mechanical failures during the proceedings.

David introduced evidence which indicated that the net worth of the professional corporation was approximately $17,000. The parties stipulated their house was worth $40,500, but that the outstanding mortgage was approximately $33,000. The trial court awarded Annia approximately $70,000, plus attorneys' fees.

▮ We believe that David has demonstrated reversible error because it appears that the trial court did not consider the parties' debts when it issued its award. In

reversing, we are not holding that the award was excessive. It is simply that the lack of a record prohibits an evaluation of the marital estate. Upon retrial, Annia may show that she is entitled to a larger award.[2] It was established at trial that David earned approximately $90,000 in 1977. In 1978, he formed his professional corporation which grossed $150,000 and he declared his salary of $51,000. He previously transferred $25,000 of assets to the corporation and later to a family trust. The trust instrument and records were not before the trial court.

In reversing on this issue, we are not contradicting the opinion of *In Re Marriage of Church*, (1981) Ind.App., 424 N.E.2d 1078, which held that a party who fails to introduce evidence as to the value of the marital property is estopped from appealing the property distribution due to an absence of evidence. In the present case, the record is unintelligible, but neither party is at fault. The trial court's order did not consider the indebtedness of the parties' assets. We regret that the trial court must be burdened by a retrial of this issue, but in light of the lack of a record and the fact that the attorneys on appeal did not try this case, which limits their informational basis, we believe that justice requires a retrial of this issue.

As a closing note, we acknowledge the motion filed requesting that this opinion be unpublished because of the salacious nature of the evidence. Appellate Rule 15 dictates the situation pertaining to publication. It is with deep regret to the children that we observe that the parties are the stewards of their reputation.

Costs are to be equally divided between the parties.

The judgment regarding the distribution of property is reversed and remanded. In all other ways the trial court is affirmed.

RATLIFF and NEAL, JJ., concur.

---

2. This is not a suggestion that the trial court increase the award. That determination must be made after hearing the evidence of the value of the marital estate. We do suggest that the parties obtain appraisals of the corporation, the trust, and their personal property. These appraisals should reveal more than evaluations of the assets. It should include evaluations of the debt status of the assets and determinations as to whether deductions and exclusions of income taken by the corporation and the trust were actual expenditures rather than paper losses and whether these constituted arms lengths transactions. The appraisals should include the value of the corporation as a business and include such factors as its goodwill, cash flow, and earning power.