In re: The MARRIAGE OF Ann M. BROWN,

and

Theodore R. Brown, Jr.

Grace RICHARDSON, Appellant (Intervenor Defendant Below),

v.

Rose MARLATT, Appellee, (Intervenor Plaintiff Below).

No. 3–984A249.

Court of Appeals of Indiana, Third District.

July 16, 1985.

problems caring for them and agreed that she should not have their custody, and their father is in prison for an attack committed on the mother. Accordingly, the natural grandmothers of the children petitioned for custody.

The children are the product of a mixed racial marriage. Their mother and grandmother Marlatt are white. Their father and grandmother Richardson are black. Mrs. Marlatt resides in Kosciusko County, Indiana; Mrs. Richardson in Clark County, Ohio.

In its custody decree the court found that both grandmothers were fit and proper persons to have custody of the children and that custody should be awarded to them jointly. In essence the court then determined that the children should reside with Mrs. Marlatt during the school year and with Mrs. Richardson during the summer months. It further provided that the joint custodians might make any other reasonable and proper accommodations concerning the children, provided that,

"... in no circumstances, however, will Grace Richardson have the physical custody of the children ... for a period of more than six continuous months to the end that custody jurisdiction not be lost by this Court."

Grandmother Richardson now appeals. She asserts the court abused its discretion in awarding custody as it did.

■ She complains of the fact that the order awarded her less custodial time and by implication imposed upon her a greater burden of expense in maintaining regular visitation with the children. These factors, however, are insufficient to establish an abuse of discretion which requires that the decision be clearly against the logic and effect of the circumstances before the court. *Marriage of Salas* (1983), Ind.App., 447 N.E.2d 1176. It is reasonable and was no abuse of discretion to place the children at one location or the other during the school year.

■ Secondly, she complains that the court awarded the most custodial time to

Milo W. Lightfoot, Warsaw, for appellant.

Michael W. Reed, Reed & Earhart, Warsaw, for appellee.

GARRARD, Judge.

This is an appeal from a custody award entered in a marriage dissolution. It is a sufficient reference to the unfortunate factual circumstances of the two children involved to record that their mother had

the grandmother more likely to spoil or pamper them. Again, no abuse of discretion is shown. The court found both grandmothers to be fit and proper persons and Mrs. Richardson does not dispute that finding.

■ The real crux of her argument, which is cogently presented, is that being of mixed race the best interests of the children would be served by rearing them in a black home in an integrated community. We are, however, precluded from considering the merit or lack of merit in this contention.

In *Palmore v. Sidoti* (1984), 466 U.S. 429, 104 S.Ct. 1879, 80 L.Ed.2d 421, the Supreme Court declared that a core purpose of the fourteenth amendment was to do away with all governmentally-imposed discrimination based on race. In the case before it, the child was the product of a Caucasian marriage and custody had been awarded the mother when the marriage was dissolved. The father petitioned for a change of custody when the mother began cohabiting with, and then married a Negro, and the state court granted the petition on the basis that the child's interests would best be served by a change.

Noting that as a practical matter racial and ethnic prejudices continue to exist and that they may pose social pressures and stresses upon children, the Court held that the reality of private biases based on race and the possible injury they might inflict were *not* permissible considerations for removing an infant child from the custody of its natural mother. 104 S.Ct. at 1882.

Mrs. Richardson attempts to distinguish *Palmore* upon its specific facts, but we do not believe the case can be read so narrowly. It holds on equal protection grounds that race is not a permissible consideration to be employed by the courts in this context in determining custody.

■ Finally, she asserts the court erred in determining that to retain jurisdiction the children had to be physically domiciled in the county at least six months per year. We agree, as does the appellee. *See Funk*

*v. Macaulay* (1983), Ind.App., 457 N.E.2d 223.

Accordingly, pursuant to Indiana Rules of Procedure, Appellate Rule 15(N) we hereby delete the requirement that "in no circumstances, however, will Grace Richardson have the physical custody of the children ... for a period of more than six continuous months...."

In all other respects the judgment is affirmed.

STATON, P.J., and HOFFMAN, J., concur.